Case 106.—ACTION BY THE COLUMBIA FINANCE & TRUST
     CO. AGAINST JOHN MASON BROWN JR., AND OTHERS
     TO ENFORCE A MORTGAGE LIEN ON LAND.—Nov. 21.

## Brown, &c. v. Columbia Finance & Trust Co.

123   775
134   386
f134  397

Appeal from Fayette Circuit Court.

Judgment for Plaintiff.   Defendants appeal.   Reversed.

1.  Perpetuities—Power  of  Appointment—Under  the  statute
     against perpetuities, a devise to one for life, with power of
     appointment among her children or descendants in remainder,
     failing which such children or their descendants took under
     the original devise as remaindermen, it was not competent
     for the life tenant in the exercise of the power of appointment
     to limit the estate of the remaindermen for their lives, with
     remainder over to others.   To do so would allow a testa-
     tor to indirectly do what the statute forbids, viz., postpone
     the vesting of the fee, or the alienation of the fee, for a longer
     period than a life or lives in being and 21 years and 10 months
     thereafter.
2.  Same—Construction of Will—Under the rule provided by the
     statute against the creation of perpetuities, the validity of a
     devise creating a future estate depends upon the certainty

of is vesting within the prescribed period. This certainty must exist at the time of the creation of the estate, and is not affected by subsequent events.

3. Same—In construing the extent of a power of appointment created by will, the test is, whether the estate created by the person exercising the power, is such as the original testator might legally have created. If it is not, then the attempted exercise of the power will be void to the extent it violates the statute against perpetuities, tested by the conditions existing when the will took effect, viz., upon the death of the testator.

Syllabus by Judge O'Rear.

BUTLER SOUTHGATE for appellants.

JOHN T. SHELBY for appellee.

(No briefs—record misplaced.)

OPINION BY JUDGE O'REAR—Reversing.

We can do no better in the statement of the case than to adopt the very clear presentation made in the brief of counsel for appellee: This action was brought by the appellee, plaintiff below, to enforce a mortgage given by John Mason Brown upon his interest in the Ellerslie tract of land in Fayette county; and the question presented for decision upon this appeal is whether his interest is one in fee simple, and held by him under the will of his grandmother, Mrs. Preston, and so liable to the mortgage debt, or whether it is an uncertain executory interest, held by him under the will of his mother,. Mrs. Mary O. Brown. The Ellerslie tract was owned by Robert Wickliffe, who devised it in trust for the use of his daughter, Mrs. Preston, during her life, giving to her a power to appoint the same by will to the use of any of her children or descendants, and providing that in default of such appointment it should go to her heirs at law. Mrs. Preston, by her will, excercised this power by appointing the property to her six children—five

daughters and one son—for their respective lives, with remainder in fee to their children. All of these six children of Mrs. Preston were born before the death of Robert Wickliffe, the creator of the power of appointment, and were therefore in being at the time that power came into existence by his death. One of the six children of Mrs. Preston was Mrs. Mary O. Brown, who died a few years after her mother, leaving a will, by which she devised all of her property to the Fidelity Trust & Safety Vault Company upon certain trusts for the benefit of her four children, one of whom is John Mason Brown. It is claimed by the appellees that, under the exercise by Mrs. Preston of the power of appointment conferred by Robert Wickliffe's will, John Mason Brown, upon the death of his mother, Mary O. Brown, took an undivided one-fourth interest in fee simple in the one-sixth interest which had been given Mrs. Brown for life by Mrs. Preston. It is claimed, on the other hand, by Mr. Southgate, the guardian ad litem for the appellants, the children of John Mason Brown, that the exercise by Mrs. Preston of her power of appointment was invalid, and that, therefore, under the will of Robert Wickliffe, the Ellerslie tract passed, in default of any valid appointment, to the children of Mrs. Preston in fee simple upon her death; that Mrs. Brown, as one of these children, had the right to dispose of her interest by will; and that it therefore passed under her will to the trustee therein nominated. It is conceded by all parties that, if Mrs. Brown's one-sixth passed to her solely by the exercise of the power of appointment by her mother, then she had no power to embrace it in the trust created by her will, even if that instrument could be construed as intended to embrace it. The lower court adjudged that John Mason Brown took a vested fee-simple interest under the will of Mrs. Preston, which was liable for the

mortgage debt created by him, and ordered it sold
to satisfy the claim of plaintiff, Columbia Finance &
Trust Company, and from that judgment this appeal
is prosecuted by his children, who might have a pos-
sible interest in the land, if it were held to have pass-
ed under Mrs. Brown's will. John Mason Brown
himself, the principal defendant, does not complain of
the judgment, nor unite in the appeal.

Robert Wickliffe, the great-grandfather of John
Mason Brown, and whose will is first to be construed,
provided thus, in the third clause of the second codicil
of his will: "I do devise and give to my son-in-law,
Wm. Preston, my lands and estates lying near the
city of Lexington, between the Richmond and Win-
chester roads, called Ellerlsie and Scuffleton, which
estates are composed of the old Ellerslie place deriv-
ed by me from Mason, the lands adjacent thereto
acquired by me through conveyances from my late
wife Mary O. Wickliffe, and a small tract acquired by
me from Vaughns, and all of my lands adjacent or
contiguous to the said tracts amounting altogether to
1,500 or 1,600 acres of land, to have and to hold the
said Ellerslie, Scuffleton and other lands to him, the
said William Preston, his heirs and assigns in fee
forever, but upon these special confidences and trusts,
viz.: (1) That he will hold the same for the use and
benefit of his wife, my daughter, Margaret Wickliffe
Preston, together with rents, issues and profits there-
of, for and during the full term and period of her
natural life, and after her death, to the use of any
child or children or descendants of my said daughter,
to whom she may by her last will and testament, or
an appointment in the nature of a last will and testa-
ment, direct, limit or appoint said uses, and according
to the provisions, restrictions and conditions of said
will; and if my said daughter should not make any
such disposition by will or appointment in the nature

of a will, then that the said William Preston shall hold the same for the use and benefit of the heirs at law of mysaid daughter Margaret. (2) That my said daughter shall not render the said lands liable to debts by mortgaging the same and shall not charge or encumber said property unless in conformity with the provisions of my will and codicil, and that the said property shall not be sold, conveyed, mortgaged, charged or incumbered, except in conformity with the provisions of my will heretofore declared and specified. (3) Nothing contained in this will and codicil shall be so construed as to discharge the Ellerslie and Scuffleton lands from an estate by the curtesy to William Preston therein, as it is my will that said William Preston shall take an estate by the curtesy in said lands as if the same had passed to my daughter Margaret by descent, and not by this devise.''

The said Margaret W. Preston died a resident of Fayette county on February 2, 1898, having theretofore made and published her last will, which was on April 15, 1898, duly probated in Fayette county. Her will recites that it was made in virtue of the power given her by the will of her father, Robert Wickliffe. She left surviving her six children, and no descendants of any deceased children. She devised the Ellerlie tract of land and all the residue of her real estate to be divided equally among her six children, subject to certain charges against them, respectively, and further provided as follows: ''The real estate given by this will to my children is given for and during their respective lives, and at the death of each shall pass to the heirs of his or her body living at such death, and in the event of there being no such heirs, then pass to my descendants; but each of the devisees shall have full power, by last will, to devise and dispose of the estate received under this will among such devisee's

own descendants, or if there are none, then among my descendants at such devisees' discretion.

One of the six children of Mrs. Preston was Mary O. Brown, the mother of John Mason Brown. She died a resident of Jefferson county in March, 1898, having theretofore, on January 8, 1895, made and published her will, which was duly probated in Jefferson county. Mrs. Mary O. Brown left surviving her four children; John Mason Brown being one of the number. After certain specific legacies she devised to the Fidelity Trust & Safety Vault Company of Louisville all of her property and estate upon the following trust: "The same shall be held by it, as trustee, and the net income thereof to the extent of $1,500 (fifteen hundred dollars) per annum shall be paid to each of my daughters, if it produces that much income; and after paying $1,500 to each daughter, then the residue of the net income to the amount of $500 each, shall be paid to each of my sons per annum; if the net income is more than sufficient for these purposes the surplus to be equally divided among all my living children. If one of my daughters shall marry she is thereafter to receive only one-fourth of the entire net income of my estate per annum and my other daughter so long as she shall remain unmarried shall receive of the residue of the net income of my estate $2,000 (two thousand) per annum, if there be enough of my net income to pay it; and of the residue of the net income, after paying the $2,000 to my unmarried daughter, the sum of $500 shall be paid to my sons, if the net income is sufficient, and if there be a surplus beyond that it shall be equally divided and on the marriage of both daughters, I want each among my children to share alike. This trust shall continue as to each child during his or her life. Upon the death of the first of my children who die, one-fourth of the principal of my estate, shall be paid to his or

her issue. If there be no issue, then the entire estate shall remain in trust. Upon the death of the second child a one-third portion of the principal of the trust property as then existing shall be paid to his or her children, or issue, if any; if no issue to remain in trust. Upon the death of a third child a one-half portion of the remaining trust property, as then existing, shall be paid to his or her children or issue, if any, if no children or issue then it shall remain in the trust. I desire my fourth and last surviving child to make whatever disposition they choose of my property."

The question for decision, therefore, is, what estate has John Mason Brown in the property devised? Is it controlled by his mother's will, or does he take as purchaser under the will of his great grandfather? Section 2360, Ky. St. 1903, reads: "The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter." Under this statute, and under the rule against the creation of perpetuities, the validity of any future estate depends upon the certainty of its vesting within the prescribed period, and this certainty must exist at the time of the creation of the estate. It follows that the estate will be void when this certainty does not exist at the time of its creation, although subsequent events so happen that the estate could vest after that period. It is immaterial whether Mrs. Preston had children born after her father's death. The fact remains that at his death, Mrs. Preston being alive, it was possible that she might have had children born alive thereafter who could have survived her, and who would have taken as members of the class represented by her children. Such after-born child would, therefore, have been one

of the persons included in Wickliffe's devise. His daughter had the power of appointment only as among her children, failing which her children, or, as the will says, "her heirs at law," would take as remaindermen under the will of Wickliffe.

To uphold the construction of the will contended for by appellee, and given to it by the circuit court, would be to hold an estate could be created by a will, taking effect at the death of the testator in behalf of one not then in existence for his life, then to his children for life, with remainder to the latter's children. The power of appointment given to the daughter by Robert Wickliffe could not be used to extend the estate created by his will, or to postpone the vesting of the fee for a longer period than Wickliffe himself could have done. The effect of an execution of a power of appointment is to make such act that of the original testator in effect. To hold it valid would be to say that the testator, though restricted by the statute in the capacity to create an estate beyond a life or lives in being and 21 years and 10 months thereafter, could, by a power of appointment, vest in some other person the ability to further extend the limitation, so as to defeat the purpose of the statute against perpetuities. This we hold would be invalid. We conclude that the will of Mrs. Preston was valid only to the extent that it exercised the appointment allowed by her father's will; that is, in designating which of her children took and in what portions after her own death. But the attempted limitation of their estate to a life estate, with remainder to their children, was void. Hence Mrs. Mary O. Brown took the fee to the property devised to her. She was competent, then, to devise same in her own right. The estate created by her will in her son John Mason Brown is not such as that the title to the land could be disposed of by him by way of mortgage.

The judgment of the circuit court is reversed, and cause remanded for proceedings not inconsistent herewith.