## Lexington Brick Co. v. Thornton, et al.

(Decided December 12, 1910.)

### Appeal from Fayette Circuit Court.

Land—Title Conveyed—Power of Appointment—Ratification and Re-affirmance of Deed.—Robert Wickliffe devised at his death in 1859 a tract of land known as "Ellerslie," containing 58 acres, to his son-in-law, Wm. Preston, in trust for his daughter, Margaret Wickliffe Preston, for life, with power of appointment in his daughter by last will, in default of which it was to descend other children or their descendants. During his life-time Mrs. Preston conveyed it to Caroline H. Thornton. Mrs. Preston died in 1898, leaving a will, which was duly probated, by which she ratified and re-affirmed the conveyance of the property to her daughter, Mrs. Thornton. Held, that ratification and re-affirmance of the deed by Mrs. Preston must be considered as an appointment under the power derived from Robert Wickliffe, and Mrs. Thornton was the owner of the property in fee simple,

and she and her husband had both the right and power to convey a valid title therein in fee simple.

STOLL & BUSH for appellant.

J. D. HUNT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Affirming.

R. A. Thornton and his wife, Caroline H. Thornton, entered into a written contract with the Lexington Brick Company to sell it a tract of land in Fayette county, containing about fifty-seven acres, which is described in the petition as follows:

"Beginning in the center of the new pike, known as the Liberty pike, a stone being set in the northwest line of the tract on the south side of the said new pike about 714 feet from the fence corner at the intersection of the Winchester pike with the said new pike; thence with the center of the new pike south 49 3-4 degrees E, 2390 feet to Jones' line, a stone being set in the next line on the south side of the pike; thence with R. A. Thornton's and Mrs. Caroline H. Thornton's line south 41 degrees W, 1048 feet to a stone corner to the Chesapeake & Ohio Railway Company; thence with the line of said company north 49 degrees W, 800 feet; thence north 55 degrees W, 500 feet; thence north 50 degrees 2 minutes W, 1049 feet to a stone planted in the Chesapeake & Ohio Railway company's line and made a corner to Mrs. Thornton; thence with her line north 39 degrees E, 1097 feet to the beginning, containing 58.17 acres."

After examining the title to the property the vendee became apprehensive that the vendors could not convey to it a fee simple title in the property, and, therefore, declined to accept the deed which was tendered or in any way carry out the contract of purchase. Thereupon the vendors instituted this action for a judgment requiring the vendee to specifically perform its contract. The petition sets out in detail the title of the vendors to the property, and a general demurrer raised every question concerning it. The vendee's demurrer to the petition having been overruled, it declined to plead further and a judgment was rendered in accordance with the prayer of the petition. From that judgment the vendee has appealed.

The judgment of the trial court was correct. The property involved is a part of a certain estate in Fayette county called Ellerslie, and which belonged in his lifetime to Robert Wickliffe, the grandfather of Mrs. Thornton. At his death in 1859, Robert Wickliffe devised Ellerslie to his son-in-law, William Preston, in trust for his daughter, Margaret Wickliffe Preston, for life, with the power of appointment in his daughter by last will and testament, in default of which the property was to descend to her children or their descendants. During his lifetime Mrs. Margaret Wickliffe Preston conveyed the property in question to her daughter, Caroline H. Thornton, with certain limitations which need not be here set forth. Mrs. Preston died in 1898, leaving a last will and testament which was duly admitted to probate, and by which she ratified and reaffirmed the conveyance of the property involved here to her daughter, Mrs. Thornton.

The questions involved here are (1) whether or not the conveyance by Mrs. Preston, to her daughter, Mrs. Thornton, and the reaffirmance of the conveyance in her last will and testament, constituted an appointment within the meaning of the will of Robert Wickliffe, from which she derived title; and (2) whether or not the limitations of the deed from Mrs. Preston to her daughter are valid.

It seems to us that these are no longer open questions. In the case of Brown v. Columbia Finance & Trust Co., 123 Ky. 775, we had under consideration the very questions before us here, and we there held that Mrs. Preston had only a power of appointment under the will of her father, Robert Wickliffe, and that she had no power to add limitations on, or in any way qualify the fee simple title which her appointee took under the will of her father. This opinion was re-affirmed in Preston v. Preston, 32 Ky. Law Rep. 1009.

The fact that Mrs. Preston conveyed the property by deed to her daughter, Caroline H. Thornton, does not in any way alter the status of the case. She could do no more by deed than she could do by will. If her deed is not to be considered as in the nature of a testamentary appointment, then it only operated to convey to her daughter her own life estate in the property; and in that case her ratification and re-affirmance of the deed in her will must be considered as an appointment under the power derived from Robert Wickliffe's will.

We, therefore, conclude that Mrs. Thornton, at the time she made the contract involved in this litigation, was the owner of the property in question in fee simple, and she and her husband have both the right and power to convey to the brick company a valid estate in fee simple.

Judgment affirmed.