## Beall, et al. v. Wilson, et al.

(Decided February 8, 1912.)

Appeal from Marion Circuit Court.

1. Wills—Devise for Life—Remainder to Children—Limitation Over.—A devise to one for life with remainder to her children born or to be born and with limitation over to another in case of the death of the children without issue, will not be construed to refer to the death of the children before the death of the life tenant, where from the will as a whole it is apparent that the testator did not so intend.

2. Perpetuities—Limitation Over.—Where a limitation over is void because within the statute against perpetuities, the previous estate which is vested under the will is not affected by the void limitation.

3. Devise to Child for Life—Remainder to Child.—In a devise to a daughter for life with remainder to her children born or to be born, a limitation that the property shall go to the testator's collateral kindred upon the death of all the grandchildren without issue, is void on the ground that the limitation is within the statute against perpetuities.

W. W. SPAULDING and A. S. McELROY for appellant.

J. P. THOMPSON and T. L. EDELEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

George E. Beall died a resident of Marion County in 1908, testate. He left an estate worth about $36,000. His will which was duly admitted to probate after his death was written by himself. He wrote the original will in 1896 and afterwards made several codicils to it. His wife, who is named in the original will, died before he did. He left surviving him an only child, Mary Mattie Wilson, the wife of Joseph N. Wilson. At the time the original will was made they had two children, Margaret Beall Wilson and George Beall Wilson. After the original will was written and before the last codicil another child was born to them, Minor Beall Wilson. The will contained residuary clauses under which in certain contingencies the estate, which was directed to be held by a trustee, was to go to the testator's collateral kindred. Joseph N. Wilson qualified as administrator; no one qualified as trustee. This suit was brought by the administrator, Joseph N. Wilson, and his

wife, Mary Mattie Wilson, against their three children, and the collateral kindred, assailing the residuary clauses of the will on the ground that they created a perpetuity within the prohibition of section 2360, Kentucky Statutes:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

On a hearing of the case the court entered a judgment adjudging that as to the residuary estate, the will attempts to create a perpetuity and is, therefore, as to this estate, void; that after the payment of the specific devises, the estate passed to Mary Mattie Wilson, the only child and heir at law of the testator absolutely. From this judgment the collateral kindred appeal.

The will and codicils make a very long instrument. By item 1 of the will the testator directs the payment of his debts; by item 2 he makes a provision for his wife; by item 3 he devises to his daughter during her natural life, the remainder of the estate subject to the trust created by will; by item 4 he directs that what he has devised to his wife for life shall go to his daughter at her death for life, and at her death the part left to the widow for life shall go to his grandson, George Beall Wilson, and the part left to his daughter shall go to his granddaughter, Margaret Beall Wilson; items 5 and 6 are as follows:

"Should any of my grandchildren die without issue leaving no children or issue, the survivors to take their part; and if they all die without issue, then the estate I have willed them go to my brother, J. T. Beall's children," etc.

"Should my son-in-law, Joe N. Wilson, outlive his wife, my daughter, I will that out of the rents and profits of my estate that she may be by this will entitled to, he shall have during his life a share equal to one of the children of my daughter, and should my daughter have more than the two children she now has, her children are to share equally in my estate in the manner as above provided for the two named, and my son-in-law, as to his share should he outlive his wife, is to be that of a child of my daughtr, to be held by him as if a child."

Items 7, 8 and 9 relate to matters not here material. Item 10 appoints Lafe S. Pence as trustee and invests

him with title to all the property. Item 11 requires that the trustee shall execute bond. Item 12 is as follows:

"I wish it to be understood that if my daughter has any more children than the two above named it is my wish that they shall share equally with the two above named and after the death of my wife and daughter and my daughter's childrens' death the two above named, or should my daughter have any more children, should all die without issue leaving no children, then to go as above directed," etc.

By a codicil to the will written July 20, 1901, and after the birth of the third grandchild he made some changes not here material, and also made some changes in the residuary devisees. The clause relating to the residuary devisees concludes with these words:

"To have as above directed after the death of my wife and daughter and my three grandchildren if they leave no issue or children as above stated."

By another codicil to his will written by himself on November 14, 1907, in an endeavor to make parts of his will plainer, he uses these words in defining the residuary estate:

"After the death of my daughter above named and the three grandchildren above named at their death leaving no issue nor heirs or children to heir their estate, the nine nieces and nephews are to get nothing unless after the death of my daughter, Mary M. Wilson and my three grandchildren, Margaret Beall Wilson, George Beall Wilson, and Minor Beall Wilson are all dead leaving no children nor heirs or issue at that event no issue nor heirs left by my three grandchildren, then the nine nieces and nephews then will become heirs of the property above named," etc.

It is insisted for appellants that the will does not create a perpetuity and must be construed as referring to the death of the grandchildren without issue in the lifetime of their mother. The rule is that the will must be interpreted in precisely the same manner as if there were no rule against perpetuities. The objects of the testator's bounty are first to be ascertained from a fair construction of the instrument. When the true construction of the will is arrived at, it will then be determined whether the will as thus construed violates the rule against perpetuities. Other things being equal a construction will be preferred which does not violate the rule against perpetuities; but if the intention of the tes-

tator as shown by the will was to create an estate in violation of the rule against perpetuities, the will will not be given a forced or unnatural construction to avoid the application of the rule.    (22 Am. & Eng. Encyc. of Law, 704, and cases cited.)

By the will before us the testator says in item 5, "Should any of my grandchildren die without issue leaving no children or issue the survivors to take their part, and if they all die without issue, then the estate I have willed them to go," etc.   What he means by the words "Die without issue leaving no children or issue," is made plain by the succeeding sections; for by the 12th clause he says "should my daughter have any more children, should all die without issue, leaving no children, then to go," etc.;   and in item 6 of the codicil he says that the residuary devisees are to have the estate "after the death of my wife and daughter and my three grandchildren if they leave no issue or children as above stated."   In the last codicil he says that the residuary devisees are to take the estate "after the death of my daughter above named and the three grandchildren above named, at their death leaving no issue nor heirs or children to heir their estate."   To say in view of these expressions that the testator was providing for the death of his grandchildren without issue in the lifetime of his daughter, would be to do violence to the language of the will.   Counsel rely on the case of Kasey v. Fidelity Trust Co., 131 Ky., 609, but in that will there was language wholly different from that contained in the will before us.

We, therefore conclude that the testator intended the devise over to take effect at any time after the death of his daughter upon the death of the grandchildren without issue, and as she might have had other children, this limitation over was for more than a life or lives in being and twenty-one years and ten months thereafter.   In applying the rule against perpetuities it is an invariable rule that regard is to be had for possible and not merely to actual events; that is, to render future estates valid they must be so limited that in every possible contingency they will vest within the statutory period.   Men and women are presumed capable of having children as long as they live.   By the will the property was placed in trust for the daughter for life, with remainder to her children, the estate opening up to afterborn children, if any, as they came into existence.   The interest of the

grandchildren under the will is vested no less than the interest of the daughter. What then is the effect of the rule against perpetuities on the will?

In 2 Washburn on Real Property, side page 359-360, the learned author after stating the rule that the limitation in order to be valid must be so made that the estate will vest in possession within the prescribed period, adds:

"If by any possibility, the vesting may be postponed beyond this period, the limitation will be void. And the effect of a limitation over being void by reason of its being too remote is, that the instrument, the will for instance, is to be construed as if no such clause were inserted in it, and that the first taker holds his estate discharged of the condition or limitation over. If this be in turn for life, he has a life estate; if in fee simple he has a fee simple absolute. Where a vested estate is given distinctly, and there are annexed to it conditions, limitations, powers, trusts, including trusts for accumulation, or other restraints relative to its use, management, or disposal, that are not allowed by law, it is those restraints and the estates limited on them that are void, and not the principal or vested estate. If, by possibility, it may not vest within the prescribed limits of time it is a void limitation, although, in the end, it does in fact happen that the person might have taken within the time fixed by the rule. And a limitation extending beyond the period of perpetuity, and therefore void as to that part, is void in the whole, both as to the period within and that beyond the limits of perpetuity."

In Tiedeman on Real Property, Section 399, the rule is thus stated:

"If the executory interest could, by any possibility, take effect beyond that period, it was void, even though it afterwards did, as a matter of fact, take effect within the period. It must be absolutely certain to vest within that period, if at all, in order to be valid. If the future limitations be void for this reason, it leaves the prior limitation, if any, free from the condition, making what was a conditional estate an absolute one. A limitation, void because it offends the doctrine of perpetuity, will be void altogether, and cannot be held, under the cy pres rules of construction, to be good as to that part which keeps within the period of perpetuity, and void as to the excess."

The cases cited in support of the text sustains it

(See also to same effect 1 Jarman on Wills, side page 242-245, 22 Am. & Eng. Encyc. 723, 30 Cyc. 1485-1490.) Our own cases have also recognized and enforced these principles. In Stephens v. Stephens, 21 R. 1315, the will directed the estate to be kept in trust for 40 years and then divided equally among the testator's living children or the issue of his children. It was held that the will was void under the statute and that the property passed under the statutes of descent to the children. In Coleman v. Coleman, 32 R. 1476, there was a similar limitation for 25 years and the rule announced in the preceding case was followed. These cases apply the rule that the cy pres doctrine cannot be enforced, and the will held to be good as to that period which keeps within the rule of perpetuity. On the other hand in Johnson's Trustee v. Johnson, 79 S. W. 293, the property was devised to one for life, and after his death to his widow and children, the property to be held in trust and not divided among the children until the youngest was twenty-five years of age. It was held that so much of the will as postponed the distribution of the estate among the children until the youngest was twenty-five years of age, was void under the statute. But the remainder of the will was upheld. In Brumley v. Brumley, 89 S. W., 182, property was conveyed to Brumley and his children, there being a provision in the deed limiting the property over to the children's children. So much of the deed as provided for the grandchildren was held void under the statute, and it was held that B took a life estate with remainder in fee to all his children whether in esse at the time of the conveyance or born afterwards. In Ernst v. Shinkle, 95 Ky. 608, the testator devised his property to his wife for life, with remainder to his son and his heirs to be held as a perpetual investment and never to be sold. It was held that the widow and son took an absolute title. In United States Fidelity Co. v. Douglass, 134 Ky. 374, the testator devised property in trust for his daughter for life with remainder to her children, and their children. The daughter died and it was held that the limitation over for the grandchildren was void under the statute of perpetuities and that after their mother's death the children were entitled to the property. Practically the same ruling was made in Carter's Trustee v. Gettys, 138 Ky. 842. In that case also the life tenant was dead, and it

was held that her children were entitled to the corpus of the fund free from the trust.

In Attorney General v. Wallace, 7 Ben. Mon. 611, it was held that an attempt to create a limitation upon a contingency which the law does not allow will not destroy a limitation upon a contingency which the law does tolerate. This case was followed in Armstrong v. Armstrong, 14 Ben. Mon., 279, where it was held that if a limitation is made to take effect on two alternative events, one of which is too remote and the other valid, although it is void so far as it depends upon the remote event, it will be allowed to take effect on the one that is valid. The rule announced in these cases subject to an exception not here material is, we believe, sustained by all the authorities (see authorities above cited, also Saxton v. Weber, 20 L. R. A. 509 and notes; Reid v. Voorhees, 3 Am. & Eng. Ann. Cas. 946; Kountze's Estate, 5 Ib. 427 and notes), but it has no application here. Under the will before us the property goes to the daughter for life, with remainder to her children born or to be born, as the testator did not contemplate making a distinction between his grandchildren born before his death or born afterwards. There is no devise to the collateral kindred except upon the contingency that all the grandchildren and their issue shall have died without issue. So long as there was any of the testator's blood remaining, under the will his blood took the estate. As is quaintly said in an old case, all the candles must be burning. Here in any view of the will all the candles were not burning at the time the will took effect; for the law contemplates the possibility of afterborn children. There is therefore no limitation upon which the estate devised the collateral kindred could take effect within the period allowed by the statute.

For these reasons we conclude that the limitation over in favor of the collateral kindred was void, and that the circuit court properly held that the collateral kindred took no interest in the estate under this limitation. The appeal before us is prosecuted solely by the collateral kindred; the children of Mrs. Wilson are before us only as appellees. They and J. N. Wilson, their father, have prosecuted no appeal from the judgment and what their rights are is a question not before us on this appeal.

Judgment affirmed.