## Kelly v. Anderson, et al.

### (Decided January 19, 1917.)

### Appeal from Scott Circuit Court.

Wills—Construction.—Under the provisions of a will testator designated two of his sons as executors and directed them to sell his real estate and divide the money among his seven children, but two of his daughters to have life estates, with power to invest and reinvest and to receive the income from the investment for and during their natural lives, and at their death the corpus of the estate to go to their child or children. Held, that the executors should require bond to be executed to the remaindermen that the corpus of the estate will be forthcoming at the termination of the life estates.

JAMES F. ASKEW and BRADLEY & BRADLEY for appellant.

JAMES BRADLEY, W. S. KELLY and H. CHURCH FORD for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

On the 6th day of January, 1913, H. S. Anderson, of Georgetown, Kentucky, made and executed his last will whereby he disposed of all of his estate, including a farm of 250 acres located in Scott county, dividing his property among his seven children, and appointing two sons, E. A. Anderson and Robert H. Anderson, executors of the will, and requested the court to require no bond, appraisement or inventory of them. The will directed the executors to sell the farm, either publicly or privately at a time that in their judgment seemed best, and to distribute the proceeds therefrom along with the balance

of the estate among the seven children as set out in the will. The estate has, according to the terms of the will, been converted into cash and bills receivable.

The appellant, Mrs. Sue O. Kelly, is a daughter of the testator and one of the beneficiaries under the will, and the clause of the will in question and which this action was brought in the lower court to obtain a construction of and which directly affects Mrs. Kelly, is as follows:

"To my daughter, Mrs. Sue O. Kelly, one-seventh of my estate, to be hers for and during her natural life, and at her death to go to her child or children, but she to receive the income during her life, but the said interest to be kept invested, but with the power to sell, and reinvest whenever in her judgment it is best."

A like limitation was placed upon the interest of Mrs. Sallie May Furgeson, another married daughter of the testator. This action was brought by the executors for a construction of the section of the will quoted, stating that the defendants, Mrs. Sue O. Kelly and Mrs. Sallie May Furgeson, have each a child or children *in esse* and are, therefore, as they are advised, only entitled to a life estate in the property devised, but these two daughters are insisting that they are entitled to the possession of the *corpus* of the estate coming to them under the will without giving bond or security to the remaindermen that the estate will be forthcoming at the termination of the life estate. The executors, however, say that they are advised and believe that the said two daughters are entitled only to the income from the devise during their natural life and at their death the *corpus* of the estate passes to and vests in the child or children of the said defendants, and should the executors deliver the devise (which is now cash and bills receivable) to these daughters, and it should chance to be wasted or lost, they, as executors, would be liable to the remaindermen, and that while they desire to pass the devise to whomsoever it rightfully belongs at the earliest possible moment, they seek only the direction of the court so that they may be relieved of responsibility in the future.

The lower court construed the section of the will in question to mean a devise for life with remainder over, to the child or children, and that Mrs. Kelly is entitled to the income only during her natural life. The court in so holding, used this language:

"As a condition precedent to the paying over by plaintiffs as executors of the one-seventh interest in the estate of the testator to the defendant and devisee, Mrs. Sue O. Kelly . . . . the defendant, Mrs. Kelly, shall execute bond with good and sufficient surety to the Commonwealth of Kentucky, for the use and benefit of the child or children of Mrs. Sue O. Kelly to the effect that the *corpus* of such estate as may be paid over to the said Sue O. Kelly, as a life tenant, by the plaintiffs as executors, shall be forthcoming for the use and benefit of the child or children of the said defendant, Mrs. Sue O. Kelly, at the death of the said Sue O. Kelly."

It is insisted that this judgment required Mrs. Sue O. Kelly to qualify as trustee and to execute the forthcoming bond; but, when read as a whole, the judgment does necessarily mean that, but it gives Mrs. Kelly the privilege of so qualifying, and in case she does not desire so to do, another trustee may be allowed to qualify.

By the clause of the will above quoted one-seventh of the estate is devised to Mrs. Kelly during her natural life, and at her death "to go to her child or children," she to receive the income during her life, said interest to be kept invested, with the power to sell and reinvest whenever in her judgment it is best." This can mean only, that the testator intended for his daughter, Mrs. Kelly, to receive the income from one-seventh of his estate during her natural life, and that the *corpus* of the devise should descend to and vest in her child or children, and in the event she should qualify as trustee for her child or children, she to have the power to sell and reinvest the estate whenever in her judgment it appeared best, the body of the estate to be kept intact.

In the event she did not desire to become trustee and to execute bond for the forthcoming of the estate, then a trustee should upon proper application be named by the court, who would carry out the trust.

A trust is never allowed to fail for want of a trustee, and if Mrs. Kelly does not desire to accept the trust, then at the instance of the executors and on proper application to the court, a trustee should be appointed who will be required to execute a bond for the forthcoming of the property, and who will invest the money arising from the interest mentioned in the clause of the will, so as to make it earn an income if reasonably possible, and this income after the payment of the expenses incident to the preservation of the estate and expenses of the trus-

teeship, be paid to Mrs. Kelly during her natural life. A similar order should be entered with reference to the defendant, Mrs. Sallie May Furgeson.

"Where the life tenant is to have an income of money, or similar property devised, the possession of which is directed to be given her, she may be compelled to execute a bond to the remaindermen that it will be forthcoming at the termination of the particular estate." McKee v. McKee's Ex'r, 82 S. W. 451; Powell's Ex'r v. Cosby, 89 S. W. 721, 91 S. W. 1133.

Perceiving no error in the record of the trial court prejudicial to appellants, the judgment is affirmed.