### West, et al. v. Ashby, et al.

(Decided December 17, 1926.)

### Appeal from Hancock Circuit Court.

1. Perpetuties—Devise of Life Estate to Children, Grandchildren and Fee to Great-grandchildren Held Void as Creating Perpetuity (Ky. Stats., Section 2360).—Devise to Children for life, and after death to their children for life, and on latter's death to their children in fee simple, held void under Ky. Stats., section 2360, as attempt to postpone vesting of estates for more than lives in being plus 21 years and 10 months.

2. Appeal and Error—Void Portion of Devise could Not be Eliminated Where Persons Interested, Though Parties, did Not Seek Elimination or Appeal.—Where devise was void because creating perpetuity in limiting life estate to children, grandchildren, and great-grandchildren, request to eliminate invalid limitation to great-grandchildren will not be considered, where not set up by grandchildren, who were parties in action to quiet title and who failed to appeal.

HENRY MASON for appellants.

G. D. CHAMBERS and J. R. SKILLMAN for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

Margaret Ashby, a widow, died testate April 5, 1889, the owner of considerable real estate and survived by three children, Mary Green West, John Ashby and William S. Ashby. This is an action to construe her will and to quiet title in the devised estate, the pertinent provisions of the will being the second and third clauses, which read as follows:

"Second. I own a tract of land near the mouth of Fawcett's Gut in the eastern part of Hancock

county bordering on the Ohio river whereon I at present reside, containing 600 acres or thereabout; this land I give and devise to be equally divided between my three children, William S. Ashby, Mary Green West, and John S. Ashby, to be held, used and enjoyed by them respectively during their lives and at their respective deaths to go to and be held by their respective children during their lives and at the death of the latter it shall go to and vest in their children in fee simple. In case my said children or grandchildren should die without leaving children or lineal descendants (also intended in this will to represent their ancestors in case of the death of the ancestor) the title of the party so dying without children or lineal descendants shall vest in and become the estate of my surviving children and grandchildren as life tenants and their children in fee to be by them held as the devises to them respectively are to be held. The foregoing devises relate to the surface of said land, that is, the land exclusive of the minerals and quarries of stone and rock. The portions of the surface land devised as aforesaid to my said children and their descendants have already been designated and my said children have taken control of and claimed their respective parts and are to have in my allotment made the boundaries so claimed by them and the improvements they may have made or may hereafter make thereon.

"Third. There are believed to be valuable stone and rock quarries and minerals in and on said 600 acre tract of land, and these quarries and minerals and the reasonable right of way to mine, quarry and remove these I give and bequeath to my said three children and their said lineal descendants in the same manner and under the same limitations as provided in the devises made in the second clause of this will hereinbefore made. These interests are to be held in common by my said three children, the said Mary Green taking one-half undivided and my said sons, William S. and John S., each one-fourth undivided, and they and their respective descendants are to have the right to open said quarries and mines, operate, lease and use the same without restriction and receive the rents in the aforesaid proportions at pleasure. These rights, however, to be limited to lives

as provided in the second clause and to go to the survivors in case of the failure of lineal descendants to the life tenants to whom it is devised for life, with remainder in fee as therein provided. It is further provided that the life tenants mentioned in this and the preceding clause shall have no power to sell or encumber their respective estates or interests, nor shall it be subjected to their debts, contracts or liabilities, and any attempt to so alienate, encumber, or subject it to the debts of the life tenant shall operate its transfer to the descendants next entitled thereto or to the survivors, if there be no descendants to whom it might pass under said provisions."

Mary Green West died in February, 1920, intestate, survived by two children, William and Sterrett West, both of whom were in being at the death of the testatrix and are now living. William is childless but Sterrett has nine children whose ages run from six to twenty-seven years. John Ashby died intestate June 20, 1924, survived by his widow, Mary Ashby, a son William B. Ashby, aged 27, and a daughter, Rena Ashby Pate, aged 35, both of whom were born after testatrix's death. William S. Ashby is living and has three children, none of whom were in being at the death of testatrix, to-wit: Andrew Ashby, Sterrett Ashby and Margaret Ashby, aged 33, 31 and 27 years respectively. On the — day of February, 1906, William S. Ashby and John Ashby and their wives by deed of general warranty conveyed to Mary Green West all their interest in her portion of the devised lands by a described boundary, in consideration of Mary Green West relinquishing and agreeing to convey to them her interest in the other two-thirds of the estate devised to them. Upon the death of Mary Green West, her sons William and Sterrett divided the boundary thus conveyed to her, and Sterrett and his wife later conveyed their interest in William's portion to William, who has since remained in possession thereof and has encumbered it by mortgage. William has no children. Sterrett also took possession of his portion, and it was later sold for debt by a decree of court and a commissioner's deed made to the purchasers, H. M. and T. B. Beard, on the 25th day of September, 1922. Afterward on January 6, 1923, under a decree of court a commissioner's deed of partition was made whereby all of the

interest of Sterrett West in the lands allotted to William West was conveyed to the latter, and all of the interest possessed by William and Sterrett West in the lands of Sterrett West was conveyed to H. M. and T. B. Beard; afterward H. M. and T. B. Beard and their wives conveyed the interest of Sterrett West that they had purchased at decretal sale to R. N. Hudson. Through oversight or neglect Mary Green West did not convey to William S. and John Ashby her interest in the lands allotted them as provided in the deed to her set out, *supra*, nor was there a deed of partition between them; but upon the death of their mother each took possession of his respective share, William S. being still in possession and John having held possession until his death. It was the contention of Rena Ashby Pate that at the death of her father, John Ashby, the fee-simple title in the land formerly held by him vested in her and her brother, William B. Ashby, and that her mother, Mary Ashby, was not entitled to dower therein, and she took possession, excluding her mother.

The plaintiffs in this action are William S. Ashby and his wife, Kate Ashby, his two sons, Andrew Ashby and Sterrett Ashby, his daughter, Margaret Ashby McGavock, and her husband, Daniel McGavock; William West and his wife, Anna West; Mary B. Ashby, widow of John Ashby; William B. Ashby, son of John Ashby and Athelena, his wife, and R. N. Hudson and wife, the defendants being Sterrett West, his wife, Ella West, and their nine children, William S. West, Anna May West, Ruby West, Bessie West, Beverly West, Frank West, Leonore West, Berry West, Anita West, Grace West Davidson and her husband, John Davidson; Rena Ashby Pate, daughter of John Ashby, Lorenzo Pate and her husband and Mary Catherine Ashby, daughter of William B. Ashby. It being the contention of plaintiffs that paragraphs two and three of the will quoted, *supra*, attempt to create a perpetuity and thereby the entire instrument was invalid and that by reason thereof Margaret Ashby died intestate and her surviving children inherited her estate as heirs at law; that William S. Ashby owned his share in fee; that John Ashby took a similar estate which descended to his children, William B. Ashby and Rena Ashby Pate, in equal moities, subject to the dower interest of the surviving widow, Mary Ashby; that Mary Green West also took a fee in her share, which descended

to her sons, William and Sterrett; William now has a fee in a moity thereof and that by mesne conveyances set out, *supra*, R. N. Hudson has a fee in the portion allotted Sterrett West.

In a separate paragraph, R. N. Hudson alleges that the children of Sterrett West named above are casting a cloud upon his title by asserting that under the will of Margaret Ashby the title to the land and mineral rights allotted their grandmother, Mary Green West, passed to them in fee; that the encumbrance placed upon his share of the estate by Sterrett West was in violation of the terms of the will and operated as a forfeiture and vested the title in them and asked that this cloud be removed. In a separate paragraph William West, after asserting a fee-simple title in himself, alleged that his brother, Sterrett West, was casting a cloud upon his title by insisting that he had forfeited title to his estate by encumbering it with a mortgage in violation of the provisions of the will. William S. Ashby asserted title in himself for the reasons above stated and asked that it be quieted. Mary Ashby, widow of John, in a sparate paragraph asked for an allotment of dower in the lands of her deceased husband, which she alleges was being denied her by her daughter, Rena Ashby Pate, who claimed a fee in herself and brother, exclusive of any dower right in her mother. William B. Ashby, son of John, claims title by inheritance through his father; admits his mother's right of dower, but asserts that the defendants were casting a cloud upon his title and asked that it be quieted. The court overruled a demurrer to the petition, and the defendants failing to plead, granted the various petitioners all the relief sought. The guardian *ad litem* for the infant great-grandchildren of testatrix appeals.

It is obvious that each of the children of testatrix might have had children born after her death; indeed all of the children of the two sons were in fact born after that date. It is equally obvious that such afterborn grandchildren of testatrix might have children born to them more than 21 years and ten months after the death of their respective parents, hence it is clear that the second and third clauses of the will attempted to postpone the vesting of these estates for more than a life or lives in being and twenty-one years and ten months thereafter, hence the limitation of the remainder in fee to testa-

trix's great-grandchildren created a perpetuity forbidden by the common law (see 39 Cyc. 1486), and was also in violation of Ky. statute, sec. 2360. See Tyler v. Fidelity & Columbia Trust Co., 158 Ky. 280; U. S. Fidelity & Guaranty Co. v. Douglas, 134 Ky. 374; Brown, etc. v. Columbia Finance & Trust Co., 123 Ky. 775; Coleman v. Coleman, 23 L. R. 1476; Fidelity Trust Co. v. Lloyd, 25 Ky. L. R. 1827; Carter's Trustee v. Gettys, 138 Ky. 842; Beal v. Wilson, 146 Ky. 646. It follows that the devise of the remainder to the great-grandchildren of testatrix was illegal and void.

For the reasons above set out it is also clear that the provisions against alienation or encumbrance by the life tenants embrace a period for more than the continuance of lives in being and twenty-one years and ten months thereafter, and that such restriction is in violation of the statute, *supra*, and therefore invalid.

It is intimated in the pleadings that some of the grandchildren of testatrix were asserting the claim that the limitation of a life estate to the children and grandchildren of the testatrix was a valid limitation; that the invalid limitation to the great-grandchildren should be eliminated and the remainder of the will be given effect; that when this is done the fee vested in the last taker capable of inheritance and that therefore they are the owners in fee. However, all the grandchildren were made parties and none of them set up such specific claim or appealed from the judgment of the court, hence that question is not before us.

Wherefore, perceiving no error, the judgment is affirmed.