## Thomas, Administrator, et al. v. Thomas, et al.

(Decided May 20, 1927.)

### Appeal from Webster Circuit Court.

1. Wills.—Under will giving beneficiary specific sum. "to be fixed so at his death it will convert back" to testator's heirs, beneficiary received only life estate in money bequeathed, without power to consume or dipose of any part of principal, and remainder passed to heirs of testator.

2. Life Estates.—Where testator gave to life tenants no power to consume or dispose of any part of principal devised, it was clearly his intention that corpus of each fund should pass to his heirs at death of life tenants, and hence court erred in refusing to require such life tenants to give security for protection of remaindermen, and upon their failure or refusal to do so to direct that bequest be turned over to a trustee and income therefrom to be paid to life tenant.

3. Wills.—In construction of wills, it is presumed that testator did not intend to die intestate as to any of his property, and if will is susceptible of two interpretations, court will prefer construction by which all of testator's estate is disposed of.

4. Wills.—Under will bequeathing remainder of estate to beneficiary and providing that beneficiary should keep fund on time deposit and not make any speculations except to buy farm lands, such beneficiary received remainder in fee; provision not being intended as limitation, but merely as advisory.

BLACKWELL & LISMAN for plaintiffs.

RAYBURN & WITHERS for defendant.

Opinion of the Court by Judge Rees—Reversing.

This appeal involves the construction of the will of O. E. Thomas, deceased, which reads as follows:

"Providence, Kentucky, December 7, 1925.

"To whome it may concern

"This is to state the way I O E Thomas wants my belongings disposed of at my death.

"1.   Put me away respectifully in a concrete lined grave

"2.   Then put a nice tombstone to my grave

"3.   Then take $500.00 and put on saving deposit to keep my grave looked after and cared for.

"4.   Then give to W. H. (Will) Thomas One Thousand Dollars.

"5.   Then give to L. J. (Lycurgus) Thomas One Thousand Dollars to be fixed so at his death it will convert back to the Thomas hairs instead his wifes people

"6.   Then give to Mrs. Wm. (Lula) Thomas $1500.00 Fifteen Hundred Dollars if the estate is worth as much as Fifteen ($15000.00) Thousand if under that then one thousand to be converted back to the Thomas heirs at her death and not to go to her people.

"7.   Then give to James E. Tapp $500.00 Five Hundred

"8.   The remainder to go to G. A. (Gulian) Thomas G. A. Thomas is to ceep his on time deposit except he needs it to live on then he can draw as he needs it not to make any speculation except to buy farm lands.

"This is my promis to my mother in her last few weeks we had many talks

"Now this means exactly what it sais and no arguments and disputes about it.

"P. S. I make the differense to Lula because she cares for me while I was sick and crippled.

"James E. Morgan

"James E. Tapp

"Tom J. Montgomery to see that this is carried out.

"I now fix my signature

"O. E. (Eugene) Thomas."

The three persons named to see that the provisions of the will were carried out refused to qualify as the personal representatives of the decedent, and the providence Citizens' Bank & Trust Company qualified as administrator with the will annexed of O. E. Thomas, deceased. L. J. Thomas, W. H. Thomas, G. A. Thomas, James E. Tapp, and Mrs. Lula Thomas, beneficiaries under the will, brought this action against the administrator with the will annexed seeking a construction of the will. The only items of the will involved on this appeal are 5, 6, and 8.

By the judgment of the lower court L. J. Thomas, Mrs. Lula Thomas and G. A. Thomas were each given a life estate in the property bequeathed to them, but were not required to give bond to protect the remaindermen. The administrator with the will annexed has appealed from so much of the judgment as failed to require the life tenants to give security for the forthcoming of the property at the termination of the respective life estates, and the beneficiaries have appealed from so much of the judgment as failed to adjudge each of the beneficiaries a fee-simple estate.

By items 5 and 6 of the will it was clearly the testator's intention to give to L. J. Thomas and Mrs. Lula Thomas each a life estate in the money bequeathed to them, the corpus to revert to his heirs at the death of the life tenant.

The rule is well settled in this state that where money or its equivalent is bequeathed for life, the life tenant is not entitled to the possession of the money or its equivalent without giving adequate security for the protection of the remaindermen, unless there is a direction to the contrary, express or implied, in the will. The rights of the owner of the life estate and those of the person entitled to the remainder should be treated as entitled to equal protection. Such property may be easily lost or wasted, and unless it is to be inferred from the language of the will that the legatee is to have possession without bond, he should be required to give reasonable security to preserve the funds for the remaindermen; or, if he is unable or refuses to give such security, the funds should be placed in the hands of a trustee and the income therefrom paid to the life tenant. Lindenberger v. Cornell, 190 Ky. 844, 229 S. W. 54; Trustees Presbyterian Church v. Mize, 181 Ky. 567, 205 S. W. 674, 2 A. L. R. 1237; Kelly v. Anderson, 173 Ky. 298, 190 S. W. 1101;

and Wilkinson v. Rosser's Executor, 104 S. W. 1019, 31 Ky. Law Rep. 1262; see note to Barmore v. Gilbert, 14 A. L. R. 1060.

In this case the testator gave to L. J. Thomas and Mrs. Lula Thomas no power to consume or dispose of any part of the principal, and it was clearly his intention that the corpus of each fund should pass to his heirs at the death of the life tenant. The lower court therefore erred in refusing to require each of these life tenants to give security for the protection of the remaindermen, and upon their failure or refusal to give such security to direct that the bequest in each instance be turned over to a trustee, the income therefrom to be paid to the life tenant.

The lower court construed clause 8 of the will as giving to G. A. Thomas a life estate, the remainder passing to the testator's heirs. Under this construction the testator died intestate as to a part of his property. In the construction of wills the rule is that it will be presumed that the testator did not intend to die intestate as to any of his property, and, if the will is susceptible of two interpretations, the one disposing of all of the property and the other not, the court will prefer the construction by which the whole of the testator's estate is disposed of. Young's Guardian v. Shaver's Executrix, 186 Ky. 608, 217 S. W. 902; Alsip v. Morgan, 109 S. W. 312, 33 Ky. Law Rep. 72. Applying this rule in the instant case, it was clearly the testator's intention to devise the remainder of his estate to G. A. Thomas in fee. The provisions in this clause of the will that G. A. Thomas should keep his on time deposit except he needed it to live on and not to make any speculation except to buy farm lands we're merely advisory and not intended as limitations.

This construction of this clause of the will is further supported by the fact that when the testator intended to create a life estate he knew what language to employ for that purpose. Not having used any such language in clause 8, it was clearly his intention to devise the remainder of his estate to G. A. Thomas in fee. Beeman v. Utz, 217 Ky. 158, 289 S. W. 221. The bad spelling and lack of punctuation in the will, which is holographic, indicate that the testator was a man of limited education, but the simple and homely phrases used by him are convincing as to his intention. The dominant idea in his mind is

clear—that the sums given to L. J. Thomas and Mrs. Lulu Thomas shall be kept intact and upon their respective deaths shall go unimpaired to his heirs—and the devise to G. A. Thomas is absolute, without any limitation over to the testator's heirs or any other person.

Judgment is reversed, with directions to enter a judgment in conformity herewith.