## Emler et al. v. Emler's Trustee.

(Decided June 1, 1937.)

WOODWARD, DAWSON & HOBSON for appellants.

SHACKELFORD MILLER, JR., for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

A. M. Emler died testate on the 6th day of August, 1917, a resident of Jefferson county, Ky. His will was duly probated on the 11th day of April, 1918. It is now and has been in full force and effect since that time. This appeal involves the construction of the fourth paragraph or section of his will. By the first, second, and third sections he provided for the payment of debts, funeral expenses, suitable monuments, etc., and for the income of his estate, both real and personal, to be for the benefit of his wife, Paula Emler, so long as she lived or remained his widow. He provided for the application of an insurance policy of $3,000 that he was carrying on his life to be used for the education of his son, Herman Henry Emler. It appears that his wife died several years ago; that his estate has been fully settled. The construction of no part of his will is in question except the fourth section or paragraph, which is as follows:

"Fourth: After my wife's death, my estate should be held in Trust and the interest derived therefrom shall be divided equally among my three (3) children, Flora, A. M. Jr., and H. H. Emler, as long as they live. After their death, it shall be

equally divided among my grand-children that are here now or may hereafter be born to either one of my sons or daughter. Should any one of my sons have no children, it is to go back to his legal heirs. *after his dead.*"

The chancellor adjudged that the proper construction was to the effect that the will did not create a perpetuity, but provided that the trust continue only during the lives of the children of A. M. Emler, and after their deaths the estate vested in the grandchildren now in being or that may thereafter be born to either of his sons or daughter, and at that time the trust would cease. The proper and correct solution of the intention and purpose of the testator depends solely on what he intended to be the antecedent of the pronoun "it." If he meant to use the pronoun in the place and instead of the words "my estate" found in the first line of the first sentence of the section, his meaning is clear that he intended that the corpus of his estate should vest in his grandchildren, etc., at the death of his three named children. If he meant to use the word "it" in place or instead of the words "interest derived from the investment of the corpus," then the devise is clearly void and in violation of section 2360, Kentucky Statutes:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

It must be conceded that if the testator meant to say that the trust should continue until the death of the grandchildren born and to be born, it would follow that he failed to devise the corpus of his property at all to any one.

The court said in Thomas' Adm'r v. Thomas, 220 Ky. 101, 102, 294 S. W. 776, 777:

"In the construction of wills the rule is that it will be presumed that the testator did not intend to die intestate as to any of his property, and, if the will is susceptible of two interpretations, the one disposing of all of the property and the other not, the court will prefer the construction by which the whole of the testator's estate is disposed of.

Young's Guardian v. Shaver's Executrix, 186 Ky. 608, 217 S. W. 902; Alsip v. Morgan, 109 S. W. 312, 33 Ky. Law Rep. 72."

Anderson v. Simpson, 214 Ky. 375, 283 S. W. 941; Corn v. Roach, 225 Ky. 725, 9. S. W. (2d) 1074; Bourne v. Johns, 233 Ky. 448, 26 S. W. (2d) 13; and cases cited therein.

Applying the rule in the above-styled cases, it is clear that the intention of the testator was not to die intestate to any of his estate. It is noted that he specifically provided that his wife should enjoy the income of all of his property, both real and personal, during her life or widowhood. In the beginning of section 4 he provides that after his wife's death his estate should be held in trust and the interest derived therefrom, that is, resulting from the investment of the corpus of the estate, should be divided between his three children, Flora, A. M., Jr., and H. H. Emler, in equal parts as long as they live. There is a period after the word "live" indicating completion of the thought he intended to convey, meaning that he intended for his children to have the income only. Then he begins another sentence directing how he wishes his estate to vest after the death of his children; consequently he says that "after their death (meaning his three children) it (meaning his estate the same property he was referring to in the first line of the first sentence of the section) shall be divided equally among my grandchildren that are here or may hereafter be born to either one of my sons or daughters (having reference to the corpus of the estate)."

He uses the pronoun "it" in the last sentence of the section wherein he states that "should any one of my sons have no children it is to go back to his legal heirs," referring to his estate and not to the income or interest derived therefrom.

In Beall v. Wilson, 146 Ky. 646, 143 S. W. 55, 56, relied upon by counsel for appellant, "The rule is that the will must be interpreted in precisely the same manner as if there were no rule against perpetuities. The objects of the testator's bounty are first to be ascertained from a fair construction of the instrument."

Viewing the will from that rule, it is clear that the testator intended to vest the corpus of his property

in his grandchildren at the death of his three named children, at which time the trust ends. Why he preferred to place title to his property in his grandchildren rather than his children, we are not concerned, nor is it our province to say, or attempt to say, what was or might have been his reason for so doing. As suggested by counsel for appellee, the section of the will being susceptible of two constructions, one that would create a perpetuity in violation of the section of the Statutes, supra, and the other that would not, the court will adopt the construction which does not violate the statute.

It being somewhat uncertain or obscure as to whether the personal pronoun "it" as used in section 4 relates to his estate or to the interest on his estate, applying the rule laid down in 48 C. J., sec. 90, p. 998, and in Haydon v. Layton (Ky.) 128 S. W. 90, we conclude that the will did not create a perpetuity or come in conflict with the statute supra. Other established rules of construction might be and could be applied as a further basis for our conclusion. However, we think it useless, as well as unnecessary, to extend our opinion further.

Judgment affirmed.