Leslie **MAHER** et al., Plaintiffs,

v.

Frank **MAHER**, Jr., et al., Defendants.

No. 683.

United States District Court
E. D. Kentucky, Covington Division.

Feb. 27, 1956.

Charles E. Lester, Jr., Newport, Ky., for plaintiffs.

Robert Halloran, Russell L. Howard, Newport, Ky., Hughes, Clarke & Lee, Covington, Ky., for defendants.

SWINFORD, District Judge.

This case is before the court for a construction of Item XIV of the will of Dan Maher, deceased.

Item XIV reads as follows:

"All the rest and residue of my property of every kind and description Wheresoever situated which I may have or own the right to dispose of at the time of my death, I give, bequeath and devise one-half to my brother, Thomas Maher, for life and after his death to his living children for life per stirpes, and to the heirs at-law of Thomas Mahers deceased child or children in fee simple per stirpes and at the death of the children of said Thomas Maher surviving him at the time of his death to the heirs-at-law of such surviving children in fee simple per stirpes; however, should the children of Thomas Maher all die without leaving any Heirs-at-law then the said share devised Thomas Maher and his children shall pass to the heirs-at-law of my deceased brother P. F. Maher, in the same manner and under the same condi-

tions in which I devise P. F. Mahers, then one-half residue bequest *herein;* and I give bequeath and devise the other one-half of the said residue of my estate to the surviving children of my said brother P. F. Maher for life, with remainder in fee simple to their children and in fee simple to the heirs-at-law of any of said deceased children of P. F. Maher per stirpes; should all of the children of my said brother, P. F. Maher die without heirs-at-law, then it is my will and I so devise that the one-half residue bequest to P. F. Mahers children pass to the heirs-at-law of my brother Thomas Maher, in the same manner and under the same conditions in which I devise their one-half residue herein."

The will must be tested by KRS 381.-220, which is the Kentucky statutory pronouncement of the common law rule against perpetuities. It is as follows:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

■ The will must be interpreted as if there were no rule against perpetuities. The intention of the testator must be carried out, if at all possible, subject to the limitations fixed by law. Emler v. Emler's Trustee, 269 Ky. 27, 106 S.W.2d 79; Beall v. Wilson, 146 Ky. 646, 143 S.W. 55. If a portion of the item of the will must be declared invalid, that which is good, if severable from the bad, will be allowed to stand. Chenoweth v. Bullitt, 224 Ky. 698, 6 S.W. 2d 1061. The intention of the testator must be followed as far as possible and the estate must progress under the will to the point where the rule against perpetuities begins to operate. A fee vests in the last person authorized to take it under the statute. Tyler v. Fidelity & Columbia Trust Co., 158 Ky. 280, 164

S.W. 939; Ligget v. Fidelity & Columbia Trust Co., 274 Ky. 387, 118 S.W.2d 720.

■ An estate in remainder cannot be created to take effect beyond a life or lives in being and twenty one years and ten months thereafter. The remainder must vest within the period prescribed by the statute. If there is uncertainty the devise is void. If the testator devises an estate to take effect after the period of limitation, the limitation over will be void and the person who takes the preceding estate will have the fee simple title in the estate devised. The cardinal rule of construction that the whole will must be taken into consideration must be borne in mind. The rule provides against possibilities as well as realities. It is the mere shadowy, though unlikely, possibility of the happening of such contingency that brings the case within the inhibition. United States Fidelity & Guaranty Co. v. Douglas' Trustee, 134 Ky. 374, 120 S.W. 328. The court must look to possibilities of what might occur rather than to probabilities. Letcher's Trustee v. Letcher, 302 Ky. 448, 194 S.W.2d 984; Curd's Trustee v. Curd, 163 Ky. 472, 173 S.W. 1148.

■ The Kentucky statute requires that there must be a certainty of the estate vesting within the prescribed period and that certainty must exist at the time the estate is created. Brown v. Columbia Finance & Trust Co., 123 Ky. 775, 97 S.W. 421. When the trust can be carried no further, the estate should be divided among those entitled thereto under the statute of descent and distribution and not under the will. Tyler v. Fidelity & Columbia Trust Co., supra.

■ The rule against perpetuities was not aimed against a long deferred vesting of the possession. It prohibits the indefinite postponement of the vesting of the title in fee simple which materially interferes with the alienability of the property. The rule has no application where the limitations take effect, if at all, upon the death of the life tenant. Where it is obvious that it is

impossible that the limitation should postpone the vesting later than a life or lives in being twenty one years and ten months thereafter, the limitation is valid. It is either valid for all time or void for all time from the moment of its creation. Minor on Real Property, Vol. I, Sections 848–850.

■ The rule is not violated if the will provides expressly or impliedly that the estate shall vest at the expiration of a life in being. 41 Am.Jur. 71, Sec. 27.

■ The intention of the testator is clear. He desired that his brother, Thomas Maher, should have a life estate and nothing greater than a life estate in the property. After the death of Thomas Maher the property was to go to his children for life and to their children in fee simple, with a provision that the heirs of Thomas Maher's deceased children should take the portion of the deceased children in fee simple. There was further provision that if there should be no heirs at law that the property was to pass to the heirs at law of another brother, P. F. Maher, deceased.

The will is valid in part and void in part. Thomas Maher at the time of the creation of the estate had no children. It is possible that he could have children before his death. Such children must necessarily be born within the life of Thomas Maher and twenty one years and ten months thereafter. The life tenant could not have a child more than ten months after his death. The children of Thomas Maher would take a fee simple estate. An effort on the part of the testator to entail the estate beyond the children of Thomas Maher is void because it postpones a vesting of the estate and an alienation of the estate possibly beyond the statutory period of limitation.

■ It is argued by the plaintiffs that Thomas Maher takes an absolute fee in the property as the only heir at law of his deceased child. Such an interpretation would defeat the purpose of the testator who devised Thomas Maher a life estate. The child of Thomas Maher died in 1937. The will was written in December of 1950. Had the testator intended to leave an estate in fee simple to Thomas Maher he would have done it by direct devise and not by the circuitous route urged by counsel for the plaintiffs. The deceased child of Thomas Maher was never vested with any kind of title and no one could inherit through him. Should Thomas Maher have other children such interest, if any, which this deceased child might have would go to his brothers and sisters. There cannot be a merger of a life estate and a defeasible fee in remainder. Gray v. Gray, 300 Ky. 265, 188 S.W.2d 440, 160 A.L.R. 633.

■ A devise of a life estate to the children, then to the grandchildren, with a remainder in fee to the great grandchildren, creates a perpetuity. West v. Ashby, 217 Ky. 250, 289 S.W. 228.

I must conclude therefore that the devise of the property involved is to Thomas Maher for his life, with the remainder vesting in his children as a class, the members of which cannot be determined until his death. Renaker v. Tanner, 260 Ky. 281, 83 S.W.2d 54.

Should Thomas Maher die and leave children, the children, immediately upon the death of Thomas Maher, would take a fee simple title.

Should any of the children of Thomas Maher die before the death of Thomas Maher and leave children, these grandchildren of Thomas Maher living at the time of his death would take the share of their parent per stirpes.

Should Thomas Maher die without children or grandchildren in whom the fee simple title would vest immediately upon his death, the estate must be distributed as a part of the estate of Dan Maher under the statute of descent and distribution as though Dan Maher had died intestate.

Should counsel desire an order or orders they will prepare and submit such order or orders to the court for examination and entry.