## Fidelity & Columbia Trust Company, et al. v. Tiffany, et al.

(Decided March 28, 1924.)

· Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Perpetuities—Statute Merely Declaratory of Common-Law Rule.
—Ky. Stats., section 2360, is merely declaratory of the common-law rule against perpetuities.

2. Wills—"Vested Interest" Defined.—A "vested interest" is a present right or title to a thing, which carries with it an existing right of alienation, even though the right to possession or enjoyment may be postponed to some uncertain time in the future, as distinguished from a future right, which may never materialize or ripen into title, and it matters not how long or for what length of time the future possession or right of enjoyment may be postponed, if the present right exists to alienate and pass title.

3. Wills—"Contingent Estate" Defined.—A "contingent estate" is one which gives no present right, but the vesting of which de-

pends on some uncertain event in the future, or the happening of a certain event in the future at an uncertain time in the future.

4. Perpetuities—Devises in Trust Held to Violate Rule Against Perpetuities.—A will which, after authorizing trustee to invest for the use and benefit of grandchildren living at testator's death and born within 10 years thereafter $10.00 per month out of the income from the trust property, provided that, as each grandchild arrived at the age of 22 years, the trustee should pay to him or her the amounts so invested for his or her benefit, with the accumulation thereon, but that, if any grandchild died before reaching that age his or her share should be held for benefit of the others, violated the rule against perpetuities under Ky. Stats., section 2360, as the grandchildren had no vested rights, and the trust might have lasted for 32 years.

5. Wills—What Legacies are Vested and Contingent.—A gift to one of a legacy to be paid to him at a future time is a vested interest, but a direction to pay the legacy to him at a future time, if he then be living, is only a contingent estate.

6. Perpetuities—Test as to Provisions Contrary to Statute.—The test as to whether a testamentary provision is contrary to Ky. Stats., section 2360, relating to perpetuities, is not whether a thing may or may not happen within the period fixed by the statute, but whether it is possible that it might not so happen; a possible perpetuity being such a perpetuity as the statute contemplates.

7. Wills—Testamentary Provision Held Void as an Entirety.—A trust created for the use and benefit of grandchildren who were living at testator's death or born within 10 years thereafter, when invalid under Ky. Stats., section 2360, as to after-born grandchildren, was invalid as to all, as the devise was to a class, in view of the fact that on the death of any one or more of them the funds accumulated for him were ordered distributed among the survivors when they reached the age of 22 years, and to uphold the trust in part would work injustice against members of the class.

8. Wills—When Partial Invalidity does Not Defeat Trust.—If the part of a testamentary trust, invalid as a perpetuity, is clearly separate from the valid portion, and can be disregarded without disrupting the general scheme of the testator, or his dominant or primary purpose, then the valid portion may be upheld.

9. Wills—Widow's Estate Held Not Entitled to Income from Trust. —A will creating a trust which might have lasted for 32 years, and giving surplus income to testator's wife, 67 years old when the will was made, held to intend that payments of income to her should cease on her death, and not be made to her estate.

TRABUE, DOOLAN, HELM & HELM, HARRIS W. COLEMAN and DAVID R. CASTLEMAN for appellants.

SHACKELFORD MILLER and MUIR WEISSINGER for appellees.

Opinion of the Court by Turner, Commissioner—
Affirming.

Col. Harry Weissinger died in May, 1915, about 72 years of age. Something more than a year before he made and published his last will and testament, one provision of which is the subject of this controversy.

He left surviving him his wife, Belle Weissinger, five children, two sons and three daughters, and at the time of his death three surviving grandchildren. His wife died in January, 1920.

Thereafter his five children and the executor of his deceased wife brought this equitable action against the trustee named in his will, and the three grandchildren living at his death, and some five or six other grandchildren thereafter born and their guardian, in which there is sought an interpretation of his will, and particularly that clause of the same wherein he sought to create a trust and dispose of a certain piece of valuable real estate on Fourth street in the city of Louisville.

The trustee and the guardian of the infant defendants demurred to the petition, and also filed their respective answers asserting an interpretation different from that desired by the plaintiffs, and attempting to uphold the trust. The cause was submitted on the pleadings and a stipulation of facts, the demurrers to the petition were overruled, and the plaintiffs' demurrers to the several answers sustained, and the court entered a judgment that the clause attempting to create the trust was null and void in its entirety, and that the devises therein attempted were each void, and that the testator died intestate as to the property involved. From that judgment the trustee and the guardian of the infants, and the infants themselves, have appealed.

The testator, after providing for the payment of his debts, and attempting to create the trust hereafter considered, and making certain provisions as to advancements, devised the residuum of his large estate to his wife, expressing the belief she would in the end be just to all of their children.

The clause in question deals with a specific piece of property advantageously located in the retail district of the city of Louisville, and which the stipulation shows was, at the date of his death and at the time his will was

made, bringing a gross income of $17,500.00 a year. That clause is as follows:

"Second: I devise the lot I now own and all the improvements thereon, known as No. 417 South Fourth street, between Green and Walnut streets, in the city of Louisville, Kentucky, to the Fidelity & Columbia Trust Co., to be held by it in trust for the following purposes, namely: Out of the net income derived therefrom said trustee shall invest and re-invest, for the use and benefit of each of my grand-children living at the time of my death and for each of those that may be born within ten years after my death, the sum of ten ($10.00) dollars per month. As each of my said grandchildren arrives at the age of twenty-two (22) years, said trustee shall pay to him or her the amounts so invested for his or her benefit, with the accumulations thereon. If one or more of my said grandchildren shall die before at-taining the age of twenty-two (22) years, then the shares of those so dying shall be held for the use and benefit of said other grandchildren who have not then attained the age of twenty-two (22) years, share and share alike.

"After setting apart said ten ($10.00) dollars per month for each of my grandchildren, as here-inbefore provided, said trustee shall, at the end of each three months, pay the remainder of said net income to my wife. When all of my said grandchil-dren shall have either died or attained the age of twenty-two (22) years, said lot, together with all the improvements thereon, shall then be sold by said trustee and the proceeds thereof shall be divided into five equal portions, one of which shall go to each of my five children now living; and if either of them be dead at the time said distribution is made leaving descendants, then his or her portion shall go to such descendants; if there be no such descendants, then to such of my other children as may be then living and to the descendants, if any, of those that may be dead, *per stirpes.*"

A careful scrutiny of the provisions of this clause, taken in connection with the fact that he had amply provided for his wife, and had expressed confidence in her purpose to do exact justice between their children

in the disposition of her estate, including that which he had devised to her, is convincing that by the creation of this trust he had constructed in his own mind a scheme by which he was to provide for his grandchildren living at his death, and to be born within ten years thereafter. Knowing the uncertainties of life, and appreciating the misfortunes that befall men, and the many unforeseen vicissitudes which may wholly wipe out or materially lessen their worldly possessions, he constructed this scheme primarily and essentially for his grandchildren, thereby hoping and intending whatever might happen to their parents to place them in a position where they were not wholly dependent upon such misfortunes and uncertainties. We start therefore with the proposition that the testator in the creation of this trust had in mind primarily, and to the exclusion of all other things, the welfare and future independence of his said grandchildren. He knew he had made ample provision for his wife, who at the date of the will was about 67 years of age, and he expressed full confidence in her purpose to make, at her death, ample provision for their children.

It may therefore be safely assumed that if the testator had believed the dominant feature of this trust which he had constructed primarily for the benefit of his grandchildren was unenforceable or invalid, and that his primary purpose in creating the trust would fail, it would not have been created.

The whole question depends upon whether the common law rule against perpetuities, and our statute which is merely declaratory of that rule, are applicable to the devises to the grandchildren, or any of them, in the quoted provisions of the will. Cammack v. Allen, 199 Ky. 268.

The fundamental difference between the parties is whether the devise to the testator's grandchildren is a vested or only a contingent devise, and the determination of that question at the outset will materially simplify the remaining questions.

A vested interest is a present right or title to a thing which carries with it an existing right of alienation, even though the right to possession or enjoyment may be postponed to some uncertain time in the future. It is the present right, as distinguished from a future right, which may never materialize or ripen into title, that distinguishes a vested from a contingent devise. It

matters not how long or for what length of time the future possession or right of enjoyment may be postponed if the present right exists to alienate and pass title.

A contingent estate is one which gives no present right, but the vesting of which depends upon some uncertain event in the future, or the happening of a certain event in the future at an uncertain time in the future.

Keeping therefore in mind these distinctions between a vested and a contingent estate, let us analyze the language of the devises to the testator's grandchildren, and see whether it was his purpose to vest in them any estate before they severally reached the age of twenty-two (22) years. After authorizing the trustee to invest for the use and benefit of each of his grandchildren living at his death, and born within ten years thereafter, $10.00 per month out of the income from the Fourth street property, he provides:

> "As each of my said grandchildren arrives at the age of twenty-two (22) years, said trustee shall pay to him or her the amounts so invested for his or her benefit, with the accumulations thereon."

He thereafter provides that if any one or more of his said grandchildren shall die before attaining the age of twenty-two (22) then the share or shares of those so dying shall be held for the use and benefit of such other grandchildren who have not at the time attained that age.

There is no provision for any present interest of any grandchild in that fund; there is no authority to the trustee to pay to any grandchild any part of the fund, or its accumulations, unless that child reaches the age of twenty-two (22). In other words the grandchild who dies before attaining that age has never received and will never receive any benefit whatever from the trust estate; on the contrary, express provision is made in that event for the disposition of such share. The whole devise from its very language is made to depend upon whether the individual grandchild ever reaches the age of twenty-two (22), and there is no provision looking to a present interest in such grandchild. The direction to the trustee was to pay

> "as each of my said grandchildren arrives at the age of twenty-two (22) years,"

and not before, and this is coupled with the further provision that the fund accumulated under the terms of the trust for any such grandchild as shall not attain that age, shall be held for the benefit of others who may thereafter attain that age.

A gift to one of a legacy to be paid to him at a future time is a vested interest, but a direction to pay the legacy to him at a future time, if he then be living, is only a contingent estate. In the one case it is only the right of enjoyment that is withheld until the future fixed date, while in the other the whole gift depends upon the contingency of his living to a time when the title may vest.

The case of Eldred v. Meek, 183 Ill. 37, strikingly and pointedly illustrates this distinction in a case very similar to this one. There it is said:

"A gift to a person if or when he shall attain a certain age will not vest until that age is attained. Scofield v. Olcott, 120 Ill. 362; 2 Jarman on Wills (R. & T.'s ed.) 458; Theobald on Wills, 412; In re Bennett's Trusts, 3 K. & J. 280; Johnson's Estate, 185 Pa. St. 179. There is a distinction between a gift or a legacy to a person to be paid to him at a future time, and a direction to pay or transfer the legacy to him at a future time. In the former case the legacy is considered as vesting in him immediately, but where the gift is merely by a direction to pay to him at a future time the legacy does not vest forthwith. Until the time arrives he has no vested interest in the bequest. Scofield v. Olcott, *supra;* Jones v. MacMilwain, 1 Russ. 223; Kingman v. Harmon, 131 Ill. 171; Illinois Land and Loan Co. v. Bonner, 75 id. 315. Thus, a direction to trustees to pay (transfer, deed, etc.) to certain devisees 'when they should arrive at twenty-five years of age,' or 'upon their becoming twenty-five years of age,' has been held to convey a contingent interest only."

Having, therefore, reached the conclusion the devise to the grandchildren was a contingent one, let us see whether its provisions with respect to them are in contravention of our statute against perpetuities, section 2360. That statute reads as follows:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever,

for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

It requires no extensive argument to show that the provision in question is violative of the statutory provision. It is entirely possible under the provisions of the will that thirty-two (32) years may intervene between the death of the testator and the sale of the property, as provided for therein. He left five children, and since his death some five or six grandchildren have been born, and it is possible that others will hereafter be born, and some of them even up to the very last day of the ten-year period. It is entirely possible, however, by reason of the death of some or of all the grandchildren, the period might be much less than thirty-two (32) years.

But the test of whether such a provision is contrary to the statute is not whether it may or may not happen within the period fixed by the statute, but whether it is possible that it might not so happen, a possible perpetuity being such a perpetuity as the statute contemplates. Tyler v. Fidelity & Columbia Trust Co., 158 Ky. 280.

It seems, therefore, reasonably clear that the provision as to after-born grandchildren was certainly void.

But the argument is made that the trust may be upheld in so far as it applies to the grandchildren living at the testator's death, although it may be wholly void as to the after-born grandchildren, and this is based upon the view that the devise to each of the grandchildren is a separate and distinct one, and not to them as a class. An analysis of the provision will show the fallacy of this; while the devise is "for the use and benefit of each of my grandchildren," it distinctly creates a class by confining it to his grandchildren who may be living at his death, or born within ten years thereafter, and he emphasizes that classification by providing that upon the death of any one or more of them the funds so accumulated for the benefit of such as die shall be distributed among the survivors. He excludes from the class for whose benefit the trust is created such of his grandchildren as may be born ten years or longer after his death.

Clearly the gifts to the grandchildren cannot be said to be independent gifts to each of them, for the amount which each would get at becoming twenty-two (22) years of age would largely depend upon how many of the mem-

bers of the class had theretofore died before reaching that age, and this further emphasizes the fact that notwithstanding the language used the devise was in fact to the members of a class. This distinction is accurately pointed out by Mr. Gray in his work on Perpetuities, sections 389 and 441. Dorr v. Lovering, 147 Mass. 530; Minott v. Doggett, 190 Mass. 435; Leverett v. Rivers, 94 N. E. 470.

But there is yet another and controlling reason why the devise to the grandchildren, living at the time of his death, cannot be upheld. We have seen that the testator devised a scheme primarily and essentially for a class of his grandchildren, and we have seen that the larger part of those grandchildren cannot take as beneficiaries because of the invalidity of the devise to them. To permit, therefore, the other grandchildren to share in this property and exclude those who might be born within ten years after his death would not only not be carrying out his will, but would plainly be contrary to its provisions. If the invalid part of a trust is clearly separable from the valid portion, and can be disregarded without disrupting the general scheme of the testator or his dominant and primary purpose, then the valid portion may be upheld; but here there is a general scheme essentially for the benefit of a class of the testator's grandchildren, all of whom are presumably the equal objects of his bounty, and the devise to a part of them is invalid. The effect therefore of upholding and enforcing the valid portion would be to work an injustice as between those grandchildren, and the testator's general purpose will thereby be thwarted, and the valid portion must, therefore, fall with the invalid. Re Christie, 133 N. Y. 473; note in 3 L. R. A. (N. S.) 640; 21 R. C. L. 320; Reid v. Voorhees, 216 Ill. 236; 3 Ann. Cas. 950, note; Tilden v. Green, 130 N. Y. 20; Lawrence v. Smith, 163 Ill. 149; Post v. Rohrbach, 142 Ill. 600; Re Kountz, 3 L. R. A. (N. S.) 641, note; Johnson v. Johnson, 25 Ky. L. R. 2120; Eldred v. Meek, 183 Ill. 26.

It is provided after the deduction of the $10.00 per month for each grandchild from the net income, that

> "said trustee shall, at the end of each three months, pay the remainder of said net income to my wife."

It is argued that this was a devise to the wife of the whole surplus net income from the property during the

whole life of the trust, and that her estate since her death is entitled to the same. Clearly the testator was only making additional provision for his wife during her lifetime, and he could not have contemplated that she would live until the expiration of the trust period, even though it might have expired well within the thirty-two (32) years after his death, for she was at the time he made his will approximately 67 years of age. Manifestly he meant only that the surplus of the net income should be paid to her every three months as long as she lived. She is now dead, and as the whole trust is declared invalid and the title to the property is vested absolutely in his children, under the provisions of section 4843, Ky. Stats., it necessarily follows the title to the income since her death is also in them.

We have deemed it unnecessary to go into the question whether the five children, under the concluding provisions of the quoted section, took a vested or only a contingent estate. In as much as the preceding estate attempted to be created by the trust must be declared invalid, and as under the law the whole title to the property vests in those five children, because of such invalidity, and because the whole scheme of the testator has been mutilated and defeated by reason of an attempted devise to grandchildren which can not be upheld, it seems wholly immaterial whether they would or would not have taken a vested interest if the whole scheme had been upheld.

The primary and dominant purpose of the testator being contrary to a positive provision of law, and it being impossible to carry out his purposes in the light of that fact, it becomes necessary to declare the whole clause invalid.

Judgment affirmed.

Whole court sitting.