Elizabeth D. Flynn TAYLOR et al.,
Appellants,

v.

Edwin B. DOOLEY et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1956.

Rehearing Denied Feb. 15, 1957.

D. L. Pendleton, Sr., Winchester, John Marshall, Jr., Samuel R. Wells, Peter, Heyburn & Marshall, Louisville, for appellants.

Beverly White, Winchester, for appellees.

MONTGOMERY, Judge.

This action was filed by Elizabeth D. Flynn Taylor and Lewis B. Flynn, Jr., against Edwin B. Dooley, seeking a declaration of their rights under the will of Asa Dooley, deceased. From an adverse judgment, appellants, plaintiffs below, have appealed.

The effect of the statute against perpetuities is to be determined.

Asa Dooley, the testator, owned a farm of some 2,400 acres in Clark County, Kentucky. He died in 1941, and was survived by Marian F. Dooley, his widow; Edwin B. Dooley, a son; and Elizabeth D. Flynn (later Taylor), a daughter. The daughter remarried after her father's death. At the time of his death, the daughter was about 43 years of age and had one child, an 18-year-old son, Lewis B. Flynn, Jr. She had no other children when this action was filed, but Lewis B. Flynn, Jr., was the father of three children, the oldest being six years of age. Two children were by his first wife and one by his present wife. The first two children intervened in the action, but the third child was never made a party. These two children were permitted to defend the action for all of the children of Lewis B. Flynn, Jr., both those in being and those who might be born thereafter.

The will and codicil of the testator were probated on October 21, 1941. He gave his home and household goods to his widow by Clause 2 of the will. She also received one-half of all his personal property and a dower interest in his real estate by Clause 3 of the will. By Clause 5, he gave his son, Edwin B. Dooley, one-fourth of all his personal property and one-half of his real estate (other than the home), subject to the widow's dower. His daughter also was given one-fourth of all his personal property and the other one-half of the real estate, subject to the widow's dower, but he restricted her interest in the property set apart for her.

It is this restriction, contained in Clause 4 of the will, which we are called upon to interpret. Clause 4 is as follows:

"I will and devise to my daughter, Elizabeth D. Flynn, one-half interest in my real estate, subject to the dower right of her mother, Marian F. Dooley, and one-fourth interest in all of my personal property, for and during her natural life, with remainder to the heirs of her body for and during their natural lives with remainder in fee to the children of her bodily heirs, and in the event she should die without bodily heirs surviving her, then the share herein devised to her shall pass to and become the property of Edwin B. Dooley in fee simple."

The judgment appealed from held that under Clause 4 of the will "the children of Lewis B. Flynn, Jr., including any that may hereafter be born, are the owners of contingent remainder interests in one-half of the real estate and one-fourth of the surplus personal property owned by Asa Dooley at the time of his death."

Appellants contend that the remainder interest in fee provided for in Clause 4 may not vest "during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter", as prescribed by KRS 381.220, and that it is void.

Our present statute, KRS 381.220, was originally enacted in 1852. It early was held that the statute was intended as an enactment of the common law rule against perpetuities. Page v. Frazer's Ex'rs, 14 Bush 205, 77 Ky. 205; Brumley v. Brumley, Ky., 89 S.W. 182, 28 Ky.Law Rep. 231; Cammack v. Allen, 199 Ky. 268, 250 S.W. 963. Since its enactment, the statute has been applied indiscriminately to restraints on alienation of vested estates and to the remote vesting of an estate. The failure to distinguish between the two situations has resulted in much confusion. The proper view is that the statute, as embodying the

rule against perpetuities, is concerned with the remote vesting of estates rather than restraints on alienation of vested estates, despite the language of the statute. Roberts, Kentucky's Statute Against Perpetuities (1928), 16 Ky.Law Journal 97; Gray's Perpetuities, Sections 123–200.1, pages 126–190. The distinction was recognized in Fidelity & Columbia Trust Co. v. Tiffany, 202 Ky. 618, 260 S.W. 357. It is categorically stated in Gray's Perpetuities, Section 205, page 194, that a vested estate is not subject to the rule. However, it is unnecessary to decide that the statute may not be applied to restraints on alienation.

■ The test of the remote vesting of an estate is whether it is possible that the estate may not vest within the limited period of the statute. So much of the instrument as relates to the remote event or contingency is void if it is possible that the event or contingency upon which the estate will finally vest may not happen within the prescribed limit of the rule. A possible perpetuity is a perpetuity denounced by the statute. It is a question of possibility rather than probability. Gray's Perpetuities, Section 214, page 207; Tyler v. Fidelity & Columbia Trust Co., 158 Ky. 280, 164 S.W. 939; Fidelity & Columbia Trust Co. v. Tiffany, 202 Ky. 618, 260 S.W. 357; Chenoweth v. Bullitt, 224 Ky. 698, 6 S.W.2d 1061; Ford v. Yost, 299 Ky. 682, 186 S.W.2d 896, 162 A.L.R. 149; Letcher's Trustee v. Letcher, 302 Ky. 448, 194 S.W.2d 984.

■ The validity of the future interest depends not alone on the certainty of its vesting within the prescribed period, but the certainty must exist at the time of the creation of the estate. Brown v. Columbia Finance & Trust Co., 123 Ky. 775, 97 S.W. 421; Letcher's Trustee v. Letcher, 302 Ky. 448, 194 S.W.2d 984.

Appellees construe Clause 4 to mean that the devise is to the daughter for life, then to her children for life, with remainder in fee to her grandchildren. Appellants say that the devise is to the daughter for life,

then to the heirs of her body for their lives, with remainder in fee to the children of the heirs of her body. Under the first interpretation, the great-grandchildren of the testator would take the remainder, while under the second view, it is possible that upon his death the children of Lewis B. Flynn, Jr., the son, could take the second life estate as the heirs of the body of Elizabeth, testator's daughter. Consequently, the grandchildren of Lewis (great-great-grandchildren of the testator) would become the class in whom the remainder in fee would vest. Under either interpretation, the possibility of the ultimate vesting of the estate beyond the prescribed period obviously can be anticipated, and the uncertainty of its vesting is certain.

■■ An ultimate remainder to great-grandchildren of the testator following successive life estates to his child and grandchildren has been held to violate the rule against perpetuities, as provided by KRS 381.220. For a discussion of the application of the rule, see Tyler v. Fidelity & Columbia Trust Co., 158 Ky. 280, 164 S.W. 939; West v. Ashby, 217 Ky. 250, 289 S.W. 228; Thomas v. Utterback, Ky., 269 S.W. 2d 251. The rule applies both to realty and personalty. First National Bank & Trust Co. of Lexington v. Purcell, Ky., 244 S.W. 2d 458. When the rule is applied to a gift to a class, the gift must vest in all members of the class within the limited period, and if it is void as to any of the class, it is void as to all. Gray's Perpetuities, Section 205.-2, page 200; 41 Am.Jur., Perpetuities, Section 52, page 96; Johnson's Trustee v. Johnson, Ky., 79 S.W. 293; Fidelity & Columbia Trust Co. v. Tiffany, 202 Ky. 618, 260 S.W. 357. Cf. Leach, The Rule Against Perpetuities and Gifts to Classes (1938), 51 Harvard L.Rev. 1329.

■ The life estate devised to the daughter in this case vested upon the death of the testator. The life estate devised to the bodily heirs of the daughter will vest upon her death at the end of a life in being in a class, all of the members of which can be ascer-

tained immediately. So much of Clause 4 of the will of Asa Dooley, deceased, as attempted to create a remainder estate in favor of his great-grandchildren, that is "with remainder in fee to the children of her bodily heirs", is void as violating KRS 381.-220, since this remainder interest cannot finally vest until the death of all of the children of the daughter, which may be long after the death of any measuring life in being at the testator's death, and twenty-one years and ten months thereafter.

Since the provision of Clause 4 giving a remainder in fee to the children of the bodily heirs of the daughter is void, what becomes of the remainder in fee and what is the effect on the remaining provisions of the will?

Appellants contend that the invalid gift in Clause 4 to the daughter and her descendants fails and it is so connected with the part of Clause 5 containing a gift to the son that so much of both clauses as contains gifts to his children must fail because of the testator's intent to treat his descendants equally. Thus, he would die intestate as to those gifts, and the daughter and son would each inherit an equal share. They contend that to hold Clause 4 partially invalid without declaring Clause 5 invalid would result in an unequal distribution of the estate, that is, one-fourth to the daughter and three-fourths to the son, which would thwart the obvious intention of the testator to deal equally with his two children and their descendants. There is no question raised as to gifts being subject to the mother's dower right.

■ The general rule is that a remainder which is void because in violation of the rule against perpetuities does not necessarily render invalid the prior estate, but that the latter will be sustained notwithstanding the invalidity of the ulterior estate, when the two are not inseparable and dependent parts of a general testamentary scheme, and to uphold the one without the other would not defeat the primary or dominant purpose of the testator. See cases, including the

Bullitt and Letcher cases, in 28 A.L.R. 382, 75 A.L.R. 124, and 168 A.L.R. 323.

■ If the invalid limitation over is an essential part of the general testamentary scheme, and to uphold the prior estate without the void remainder would defeat the primary or dominant purpose of the testator, no separation will be made, but the valid part will fall with the invalid. Thus, the antecedent particular estate falls as well as the remainder which is void for remoteness, and the heirs at law are entitled to immediate possession, where the chief purpose of the testator is to tie up the estate and prevent its distribution until a period too remote under the rule against perpetuities. Where striking out limitations over which are void under the rule against perpetuities, and leaving prior gifts to take effect as though the limitation over had not been made, will work an unjust distribution of the estate by giving a portion of the testator's family a larger share of the estate than was intended, all the provisions will be declared void. If portions which are valid can be separated from those that are invalid and given effect, the court will do so. 41 Am.Jur., Perpetuities, Section 61, page 105.

■ ■ These principles are discussed fully in Restatement of the Law, Property, Division IV, Sections 402 and 403. The effect, if any, of the partially invalid attempted disposition of the estate is determined by judicially ascertaining what would more closely approximate the original scheme of disposition if the testator had been able to consider the possibility of the partial ineffectiveness of his complete plan. When no mode of disposition desired by the testator can be discovered and used, the will is found to be a nullity as to the invalid limitations on the property, and the undisposed property is left to pass by intestacy. This rule has been applied in Kentucky. Johnson's Trustee v. Johnson, Ky., 79 S.W. 293; Fidelity & Columbia Trust Co. v. Tiffany, 202 Ky. 618, 260 S.W. 357; Tillman v. Blackburn, 276 Ky. 550, 124 S.W.2d 755;

Ford v. Yost, 300 Ky. 764, 190 S.W.2d 21. See also Reid v. Voorhees, 216 Ill. 236, 74 N.E. 804; Equitable Trust Co. v. Foulke, 28 Del.Ch. 238, 40 A.2d 713; Central Hanover Bank & Trust Co. v. Helme, 121 N.J. Eq. 406, 190 A. 53. This type case should be distinguished from those wherein the taker of the last valid estate was also the one who would take the property by descent and distribution, as pointed out in Ligget v. Fidelity & Columbia Trust Co., 274 Ky. 387, 118 S.W.2d 720.

We, therefore, conclude that the testator intended to make equal gifts to his daughter and her descendants and to his son. The gift to the widow can be upheld without creating any injustices and without doing violence to his dispositive intent. Since the gift of the remainder in Clause 4 fails and results in that property passing by intestacy, the upholding of Clause 5 would create an injustice, since the daughter would receive one-fourth and the son one-fourth plus the one-half under Clause 5. This would thwart the obvious intent of the testator. Clauses 4 and 5 of the will are connected and dependent provisions in the dispositive scheme, and the property sought to be passed by those clauses, subject to the dower right of the mother, passes by intestacy in equal shares to the daughter and son.

This result seems to be in accord with the statute whereby a void or lapsed devise passes by intestacy rather than by a residuary clause. KRS 394.500. There is no residuary clause in the will under consideration.

Appellants also contend that Clause 6 of the will, which provides that the property passing to the daughter shall be held in trust, is also invalid for the same reasons as Clauses 4 and 5. It is obvious that the testator, by the provisions contained in Clauses 4 and 6, did not intend that the daughter was to have an unrestricted use of the property given to her. Therefore, we cannot agree that Clause 6 is likewise invalid, as there is no basis for holding that it would defeat the dispositive intent. To hold Clause 6 invalid would further thwart the testator's intent.

The question concerning the commissioner's deeds and the defenses of laches and statutes of limitation will not be considered in view of the stipulation of counsel that only the rights of the parties arising from the construction and interpretation of the will and codicil are to be declared.

Judgment reversed.