Evelyn Rees CURTIS, Guardian of Frank J. Rees, Jr., etc., Appellant,

v.

CITIZENS BANK & TRUST COMPANY OF LEXINGTON. Ky., Executor, et al., Appellees.

Court of Appeals of Kentucky.

May 23, 1958.

As Modified on Denial of Rehearing Dec. 12, 1958.

Allen, Duncan, Duncan & Arnold, Stoll, Keenon & Park, Robert M. Odear, Lexington, for appellant.

Clem F. Kelly, Lexington, for appellee.

CLAY, Commissioner.

This is a declaratory judgment action involving the question of whether or not a testamentary trust violates the rule against perpetuities. The Chancellor adjudged it did not.

KRS 381.220 provides in part as follows:

"The *absolute power of alienation* shall not be suspended, *by any limitation or condition whatever,* for a long-er period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter; * * *." (Our emphasis.)

Frank J. Rees died in 1953. The principal part of his estate (consisting of both realty and personalty) was devised in trust for the benefit of his four named children. On certain conditions they were to be paid part of the income. The manifest object of the testator, however, was to preserve the corpus of the trust with its accumulations for distribution to his children as they reached certain ages. (At the time of his death their ages ranged from seven to eleven.)

The son was to receive one-fourth of his distributable share "upon" reaching the ages of 25 and 30 respectively, and the balance "upon" attaining the age of 40. His three daughters were to receive one-third of their distributable shares "upon" reaching the ages of 40 and 45, and the balance "upon" attaining the age of 50.

We pause here to point out that the above provision could not constitute a violation of the statute above quoted. Whatever interests the children had in the corpus of the estate obviously would mature during their lifetime. If they died prior to reaching the designated ages, their interests would be extinguished. Consequently these terms of the trust do not suspend the alienation or vesting of the ultimate ownership of the corpus beyond lives in being.

The difficulty in the case is presented by the following provision of the will:

"Should any of my said children die leaving lawful issue of his or her body, then I direct that said issue of said deceased child take equally among themselves the deceased parent's share, per stirpes, *at such time as such deceased child of mine would have received any distribution under this will had he or she lived.* Should any of my said children die without leaving lawful issue of his or her body, then I direct that

his or her share shall go to my children surviving said child, or to the lawful issue of any deceased child, per stirpes." (Our emphasis.)

The obvious effect of this provision is to recognize a secondary class of beneficiaries, other than the testator's living children, who could take the ultimate fee in the corpus of the estate. Thus the will created future interests in the testator's grandchildren.

■ The rule against perpetuities (KR S 381.220 above quoted) is concerned with the *remote vesting of estates*. Taylor v. Dooley, Ky., 297 S.W.2d 905. The objective is to insure that the *fee simple title* shall have vested in some person or persons within the statutory period. Farmers National Bank of Cynthiana v. McKenney, Ky., 264 S.W.2d 881. This requires that every interest going to make up the fee simple title shall have become timely fixed. See Hussey v. Sargent, 116 Ky. 53, 75 S.W. 211. The creation of a future interest is not objectionable, provided it matures as a *certain estate* in the property within the statutory period.

It is here that confusion is sometimes experienced. It may be said that any future interest vests immediately when it is created. This is true. If, however, the future interest will not have become a stabilized estate in the property except upon the happening of some uncertain event, then *the acquisition of the future interest is not the vesting of an estate* with which we are concerned.

This is evident from the specific wording of our statute. It provides the "absolute power of alienation" shall not be unduly suspended. If any outstanding future interest will not certainly vest as a fixed right in the property within the time prescribed, then obviously this floating interest constitutes a restriction on the alienability of the fee simple title. Therefore the nature of the condition or contingency which will convert a future interest into a present estate poses the problem presented by the trust before us.

■ In applying the statute it is well settled that we are not concerned with actualities or probabilities, but with possibilities of remote vesting. Therefore, if it is *possible* that the final vesting of any estate which goes to make up the fee simple title may take place beyond the prescribed limitation period of the rule, then such attempted grant, gift or devise of that estate is void (and may invalidate the entire trust). Taylor v. Dooley, Ky., 297 S.W.2d 905.

The Chancellor was of the opinion that the will created in the four named children a "defeasible fee" which vested on the death of the testator, and therefore there was no suspension of vesting or the power of alienation. This characterization of the childrens' interest as a "defeasible fee" is questionable on two grounds. First, by designating this interest a fee, it assumes the children have some present title or ownership in the corpus. Secondly, it assumes that the children are vested with all the estates in the corpus. Neither assumption is correct.

■ A defeasible fee is *a fee simple title* subject to being divested upon the happening of a contingency. Walker v. Walker's Admr., 239 Ky. 501, 39 S.W.2d 970. The very definition would seem to explode the idea that the testator's children had such an estate. They were not devised the legal title (which passed to the trustee). Their interests did not even rise to the dignity of an equitable title as of the time of the testator's death because they acquired no immediate rights of ownership in the corpus. Their future interests could not mature as title to the corpus except upon the happening of the specified contingencies.

■ Perhaps more significant, however, is the fact that the will created an outstanding interest in the testator's *grandchildren*. As long as it existed, the fee simple estate could not possibly be said to have vested

in the testator's children. It is this future interest of the grandchildren, created by the will, which causes all the trouble. If it is possible that this interest would not vest as a certain estate in the corpus within the statutory period, then the statute is violated. What is the nature of the right created in the grandchildren?

It is contingent future interest of the same quality as that devised to the testator's children. Assuming that all of the children died and left surviving one grandchild, would that grandchild have been vested with the ownership of the corpus prior to the lapse of time when the children would have reached the respective ages prescribed in the will? Clearly not.

■ The right of the grandchild to the corpus of the estate would be subject to the condition precedent that he survive until the times fixed for distribution. The very wording of the will and the testamentary scheme shows that neither the children nor grandchildren were to become vested with the corpus of the estate except "upon" fulfillment of the age condition. A vested estate is one which is not contingent. Ward v. Edge, 100 Ky. 757, 39 S.W. 440, 443.

In Restatement of the Law, Property, Vol. 4, Sec. 370, page 2150, it is said:

"So long as the condition precedent of an interest remains unfulfilled, "vesting" is postponed".

It is further said in this same volume, Sec. 370, page 2140:

* * * "the limitation of a future interest * * * is invalid when, under the language and circumstances of such limitation, such future interest may continue to be subject to an unfulfilled condition precedent for longer than the maximum period." (prescribed by the rule against perpetuities)

The case of Fidelity & Columbia Trust Co. v. Tiffany, 202 Ky. 618, 260 S.W. 357, is directly in point. There a testator devised property in trust for the benefit of his grandchildren (1) *living at the time of his death,* and (2) *those born within 10 years thereafter.* A small income was to be paid from the trust to the grandchildren until each arrived at the age of 22 years. Each was then to receive his share of the corpus. The court recognized that the significant question in the case was whether or not these grandchildren had a vested estate in the corpus before reaching the age of 22. The court said, 260 S.W. at page 359:

"A vested interest is a present right or title to a thing which carries with it an existing right of alienation, even though the right to possession or enjoyment may be postponed to some uncertain time in the future. It is the present right, as distinguished from a future right, *which may never materialize or ripen into title,* that distinguishes a vested from a contingent devise. * * *

"A contingent estate is one which gives no present right, but the vesting of which depends upon *some uncertain event in the future,* or the happening of a certain event in the future at an uncertain time in the future.

" * * * There is no provision for any present interest of any grandchild in that fund; there is no authority to the trustee to pay to any grandchild any part of the fund, or its accumulations, *unless that child reaches the age of 22.* In other words, *the grandchild who dies before attaining that age has never received and will never receive any benefit whatever from the trust estate;* on the contrary, express provision is made in that event for the disposition of such share. The whole devise from its very language is made to depend upon whether the individual grandchild ever reaches the age of 22, and there is no provision looking to a pres-

ent interest in such grandchild." (Emphasis ours.)

The entire trust was held invalid (even though the interests of the *living* grandchildren at the testator's death did not violate the statute).

It is contended by appellees that the contingency provided in the will constituted a condition *subsequent,* which might possibly cut off the fee estate of the children or grandchildren, and that a condition subsequent does not prevent the earlier vesting of the estate. The trouble with this theory is that the beneficiaries were *not* vested with a fee interest in the estate subject to defeasance. They had no title. They had no present fixed right to the corpus. They could not devise the property. It would not pass to their heirs if they died intestate. Only if they survived a sufficient length of time could they acquire any semblance of title or ownership. Thus, survival was a condition precedent to vesting. (As to the grandchildren, there was the additional condition: that their parent had died before time for distribution.)

█ It is further contended by appellees that the children are presently vested with the beneficial interest in the estate, but that the enjoyment thereof is simply postponed. It is well recognized that postponing the enjoyment of a particular estate does not prevent its vesting. But as we have pointed out, neither the children nor grandchildren have an estate *now* which is subject to future enjoyment. The only beneficial interest they have in the corpus is a conditional and contingent one. They have no present rights of ownership in the corpus subject to future enjoyment.

█ Some semblance of title or a fixed right in the property itself must exist or become established in someone before an estate may be said to be vested. Snortum v. Snortum, 155 Minn. 230, 193 N.W. 304, 305. While custody, or physical possession, or actual enjoyment may be postponed, the testamentary intent must be to confer *absolute ownership* within the statutory period. In re Carroll's Will, 274 N.Y. 288, 8 N.E.2d 864, 115 A.L.R. 923. Where only time of enjoyment is postponed and the testator intends his bounty immediately to attach, a devise may be said to be vested, but if time is annexed to the "substance" of the devise as a condition precedent, it is then contingent. Jones v. Hext, Tex.Civ.App., 67 S.W.2d 441, 444; Henderson v. Henderson, 210 Ala. 73, 97 So. 353.

█ An estate may be vested only if there is an immediate right of present enjoyment or a present fixed right of future enjoyment. Roach v. Dance, 80 S.W. 1097, 26 Ky.Law Rep. 157. The will before us shows clearly that the testator did not give his children or grandchildren any such right in the corpus of his estate. He gave them only a contingent future interest. Annexed to it was a "condition" which the statute condemns.

Let us now examine the possible remote vesting of the fee simple interests in the corpus of this estate under the provisions of the will. Final distribution could not be made until the youngest daughter attained or would have attained the age of 50. The youngest daughter was seven years old at the time of the testator's death. Suppose this daughter married, bore a child and died when she was 18. (As convincing evidence that she had no vested estate in the corpus is the fact that her future interest would be extinguished and could not pass to her heirs.)

Under the will, this grandchild would, upon the death of the mother, have a contingent interest in the estate. This interest would consist of a prospective right to her mother's one-third distributable share when the mother would have reached the ages of 40, 45 and 50.

It is clear that no fee interest could vest in this grandchild for 22 years after

**38**

its mother's death (when the mother would have reached the age of 40), and the ultimate fee interest is postponed for 10 additional years (when the mother would have reached the age 50). Thus the *final* vesting in the grandchild would be suspended beyond the life in being (its mother) and 32 years thereafter, which is well beyond the period prescribed by the statute. (If the argument is made that the testator's other children could constitute the "lives in being," it is obvious that they could possibly have died even before the grandchild's mother.)

As we have before mentioned, we are considering possibilities. We are concerned with the vesting of the fee simple title to the corpus of the estate. It could not possibly vest in any designated person or persons until the time arrived for final distribution because we cannot know in advance who they will be. By that time it is possible that one or more interests in the fee simple title would vest in a grandchild, who was not a life in being, beyond the period prescribed by the statute.

 As in the Tiffany case (Fidelity & Columbia Trust Co. v. Tiffany, 202 Ky. 618, 260 S.W. 357), since this devise is invalid with respect to possible grandchildren, the general scheme of the testator would be frustrated by attempting to uphold the trust as to his children. We, therefore, decide that the entire trust is invalid. This includes the interest of the son. Though the time limitations fixed in the will are different as to him, the suspension of the final vesting of his fee interest until he reached or would have reached the age of 40 invalidates the gift (as in the example given above); and in any event, to preserve the trust for him when its other provisions fail, would violate the scheme of the testator.

On petition for rehearing our attention has been called to the case of McEwen v. Enoch, 167 Kan. 119, 204 P.2d 736. That case, decided by the Supreme Court of Kansas, involved, on very similar facts, the identical question presented in this case. That court, adopting the same line of reasoning as we have in this opinion, held that a trust violated the rule against perpetuities. This further fortifies our conclusion.

The judgment is reversed for the entry of one consistent with this opinion.